**UNITED STATES of America**

v.

**Philip LEVINE.**

**Crim. Nos. 54–285, 54–286.**

United States District Court,
D. Massachusetts.

Jan. 26, 1955.

Anthony Julian, U. S. Atty., Francis J. DiMento, Asst. U. S. Atty., Boston, Mass., for United States.

George B. Lourie, Arnold R. Cutler, Boston, Mass., for Philip Levine.

**652**

FORD, District Judge.

Defendant moves to dismiss these criminal indictments charging him individually and as treasurer of Lanes Furniture Co., Inc., with income tax evasion, on the ground that during the pre-indictment investigation, there was a violation of defendant's rights under the Fifth and Sixth Amendments to the Constitution.

No evidence was taken at the hearing. Defendant's version of the facts, which is taken as true solely for purposes of passing on this motion, is as follows. After agents of the Internal Revenue Service began an investigation of defendant's income tax returns, defendant retained the services of an attorney (not his present counsel) who hired an accountant to assist him in preparations for a defense. This accountant, on directions from the lawyer, examined the defendant's personal books and records and those of the corporation, and also questioned defendant as to the matters involved. The information thus obtained and his calculations based upon it were embodied in certain work sheets and analyses prepared by him.

After the agents' investigation had been completed, defendant had a hearing before the Regional Law Enforcement Officer of the Internal Revenue Service and several conferences with officials of the service. A revenue agent then requested the accountant to produce work papers and other notes and papers prepared in connection with the accountant's investigation of defendant's tax liabilities. Defendant had by this time retained a new attorney who offered to have the accountant voluntarily produce all the original records of defendant and the corporation, but not the work sheets and notes the accountant himself had prepared in the course of his study, on the ground that such work papers and notes were privileged.

Thereafter, the accountant was served with a summons to appear and produce his work papers and notes. Defendant's counsel protested this action to officials of the Internal Revenue Service and tried unsuccessfully to persuade them to withdraw the summons. The accountant then appeared in response to the summons, protested against being required to produce his work papers and notes, but when ordered to produce them, he did so.

Defendant contends that since the accountant was hired by defendant's first counsel, and did his work under counsel's direction and for the purpose of assisting him in the defense of his client, the production of the accountant's work papers and notes to the revenue agents amounted to a violation of defendant's right to effective assistance of counsel under the Sixth Amendment, and therefore operates to deprive this court of jurisdiction to try the defendant on any charges where he is adversely affected by such violation.

Defendant does not appear to attack directly the indictments themselves. He specifically disclaims any contention that he had any right to assistance of counsel before the grand jury or that there was any unconstitutional deprivation of such a right. He does not contend that the records he says were wrongfully obtained were presented as evidence before the grand jury. He makes no allegation that, even if these records or evidence discovered as a result of their production were presented to the grand jury, there was not also other competent evidence before the grand jury on which the indictments could have been returned. United States v. Smyth, D.C., 104 F.Supp. 283, 299, 300. However, defendant does not here seek the suppression of evidence which he claims was obtained by unconstitutional means, but asks to have the indictments dismissed on the ground he would be so adversely affected at the trial by the alleged antecedent violation of his constitutional right that the court would have no jurisdiction to try him.

Defendant relies particularly on the cases of Caldwell v. United States, 92 U.S.App.D.C. 355, 205 F.2d 879, and Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749. There are substantial

differences between the facts of these cases and those in the present case. In the Caldwell case a secret agent of the government was placed in the office of defendant's counsel, participated in the planning of the defense, and passed on to the prosecution confidential information which he acquired. In the Coplon case it was charged that the agents of the government tapped telephone wires to listen in on conversations between defendant and her counsel before and during the trial. In the present case the internal revenue agents moved openly to get the desired papers. Defendant's counsel was aware of what was being done, and made some efforts to prevent it. It is to be noted that he failed to do all he could to prevent the disclosure of these documents. If the accountant, who was acting on the advice and at the direction of defendant's lawyer, had refused, even after service of the summons by the agents, to produce the requested papers, he would not then have been subject to any punishment for refusal to do so. The agents would have then had to ask this court for an order under 26 U.S.C.A. § 3633 to compel him to produce them, and counsel could then have raised before this court the issue of defendant's constitutional rights.

 Assuming, however, that defendant had a constitutional right not to have these documents produced, and that failure of counsel to utilize all available means to prevent their production was not a waiver of defendant's right, it still does not appear that the facts justify a dismissal of the indictments. As has been pointed out, defendant does not contend that any of these papers were themselves presented to the grand jury, and while he says they may have given leads to other evidence, he nowhere alleges that there was not sufficient independent evidence before the grand jury to justify the indictments. What defendant's contention amounts to is that if in the course of their preliminary investigation the agents of the government obtained some evidence unconstitutionally, then all the subsequent proceedings are necessarily so infected with this wrong that he can never be prosecuted for the alleged offense. This is not necessarily so. There is no reason why on adequate independent evidence an indictment may not be returned, and the defendant tried and convicted. The defendant's rights can be adequately protected by the suppression of the evidence illegally obtained and other evidence which is the fruit of the illegal conduct of the agents. One error on the part of the investigators in obtaining evidence should not confer immunity on a defendant when there is sufficient untainted evidence to justify a conviction.

 It is in fact difficult to see how defendant is as yet in any position to complain of any violation of his constitutional rights which would affect the fairness of his trial. It is true, as the government concedes, that denial of the effective assistance of counsel at any stage of his trial would deprive the court of jurisdiction. Nothing of that sort has occurred here. Defendant's right to the assistance of counsel accrues with the returning of the indictments against him. Gilmore v. United States, 10 Cir., 129 F.2d 199, 203. He is not entitled to counsel at the grand jury stage of the proceedings, United States v. Blanton, D.C., 77 F.Supp. 812, 816, much less during the preliminary investigatory stages. Yet if any wrong was done to this defendant it was done during the preliminary investigation. It cannot be said now that the government at the trial will in any way make use of any information it may have wrongfully acquired so as to prejudice defendant. If it attempts to do so defendant's rights can be adequately protected by suppression or exclusion of evidence improperly procured.

This is borne out by the disposition of the Coplon and Caldwell cases. In Caldwell a new trial was granted. In Coplon the case was remanded for a hearing on defendant's allegations with instructions that if the alleged wiretapping had occurred, a new trial should

be awarded. In neither case was there any suggestion that a deprivation of the right to counsel, such as occurred in those cases, in any way affected the proceedings other than the trial in which they took place, or necessarily deprived the court of jurisdiction to re-try defendant on the same charges. Much less should a similar wrong by government agents during pre-indict-ment investigation deprive the court of jurisdiction to try a defendant on a later indictment.

The motions to dismiss these indict-ments are denied.