**GOVERNMENT OF the UNITED STATES ex rel. Ernest J. TRIPLETT, Relator,**

**v.**

**John E. BENNETT, Warden of Iowa State Penitentiary, Ft. Madison, Iowa, having Custody of Ernest J. Triplett, Respondent.**

**Civ. No. 1-282.**

United States District Court
S. D. Iowa, E. D.
Sept. 24, 1962.

Ernest L. Woolsey, Council Bluffs, Iowa, for petitioner.

Evan Hultman, Atty. Gen. of Iowa, and John H. Allen, Asst. Atty. Gen., of Iowa, Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

This matter is before the Court on the Relator's Petition for Writ of Habeas Corpus.

This case was originally tried in the Iowa District Court in Plymouth County. It was appealed to the Iowa Supreme Court, wherein the finding of guilty of second degree murder and the sentence to life imprisonment was affirmed.[1] Rehearing was denied by the Iowa Supreme Court.[2] Petition for Writ of Certiorari was granted by the United States Supreme Court,[3] and then dismissed as improvidently granted.[4]

Subsequent thereto, an application and affidavit for leave to proceed in forma pauperis was submitted to this Court and an order was entered granting the same. An attorney was appointed for the Relator and oral arguments were heard upon this matter.

The facts of this case are set forth in the Iowa Supreme Court opinion of State v. Triplett, 248 Iowa 339, 79 N.W.2d 391 (1956).

The first question for consideration is whether the Relator, Ernest Triplett, was denied due process of law in not being given aid of counsel prior to the indictment and arraignment. It is assumed for the purpose of this opinion, but not decided, that the due process clause of the Fourteenth Amendment includes the right to legal counsel as though the Sixth Amendment were binding on state courts.[5] Likewise this Court will assume, without deciding,

1. State v. Triplett, 248 Iowa 339, 79 N.W. 2d 391 (1956).

2. Ibid.

3. Triplett v. Iowa, 355 U.S. 811, 78 S.Ct. 64, 2 L.Ed.2d 30 (1957).

4. Triplett v. Iowa, 357 U.S. 217, 17 S.Ct. 1358, 2 L.Ed.2d 1361 (1958).

5. Quaere whether this assumption is necessary. See, e. g., In re Groban, 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957); Gilmore v. United States, 129

that the Relator had a right to counsel at this stage of the proceedings.[6]

The record shows that William A. Dennison, Lieutenant of Detectives of the Sioux City Police Department, asked Triplett on three or four occasions if he wanted a lawyer, and that Triplett said no, he did not want any lawyer. The record further shows that the then Sioux City Bar Association President, Stanley M. Corbett, informed Triplett of his right to counsel and his right to a writ of habeas corpus if he was being held against his will. Triplett refused the offer, saying he did not want to leave the jail or the hospital, whichever place he might be. After these offers of aid of counsel Triplett made a confession of the crime in question. During the trial Triplett was represented by counsel.

■ It is well recognized that the right to counsel during a trial may be waived.[7] Therefore, *a fortiori*, a person may waive counsel during pre-indictment proceedings.

"The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357 (1938).

Considering all of these facts, it cannot be said that the lack of counsel for the Relator prior to his indictment was a denial of due process.

■ The second ground relied on by the Relator to show that he was not given due process of law is a claim that the arresting officers violated Section 758.1 of the Iowa Code by not taking the Relator before a magistrate without unnecessary delay. This statute was not followed. It directs that the arrested person be taken before the nearest or most accessible magistrate when arrest is made without a warrant. Here we have an arrest made without a warrant and the accused held in a Sioux City jail for fourteen days before being transferred to the State Mental Health Institute at Cherokee, and held for a total time of about one hundred eighty-three days in either Sioux City or Cherokee before the accused was taken before a magistrate. There is testimony that the accused did not object to his being held in custody, but such an exception is not written into the statute. It is directive in all situations in which an arrest is made without a warrant, and as such this statute was violated by the conduct of the police. Perhaps an action against the police involved would have been successful because of the facts arising herein,[8] and certainly this Court agrees with the Iowa Supreme Court that such action cannot be approved.[9] However, the action now before us asks only whether the Relator was denied due process of law, not whether Iowa Code Section 758.1 was violated.[10]

The question then before the Court is —Does due process of law as used in the Fourteenth Amendment to the United States Constitution require equal or greater caution on the part of law enforcement agents than does Iowa Code Section 758.1? In a majority of the cases it appears that the answer would be "yes",[11] however, in the present case the accused, although being confined,

---

F.2d 199, 203 (10th Cir. 1942); United States v. Levine, 127 F.Supp. 651, 653 (D.Mass.1955).

6. This assumption is probably indicative of the correct result. See In re Groban, supra note 5, 352 U.S. at 332, 77 S.Ct. 510.

7. Carter v. Illinois. 329 U.S. 173, 174–175, 67 S.Ct. 216, 91 L.Ed. 172 (1946).

8. See Norton v. Mathers, 222 Iowa 1170, 271 N.W. 321 (1937).

9. State v. Triplett, 248 Iowa 339, 345, 79 N.W.2d 391, 395 (1956).

10. See Lisenba v. California, 314 U.S. 219, 235, 66 S.Ct. 280, 86 L.Ed. 166 (1941).

11. Mr. Justice Frankfurter in a footnote, to his concurring opinion in Fikes v. Ala-

was not opposed to his being held in custody. The record shows that several times he stated that he liked it in jail and wanted to stay there to help convince the police that he did not know anything about the crime, that he volunteered to go to Cherokee for treatment for syphilis and that he was repeatedly offered legal counsel which he repeatedly rejected.

In light of these facts it cannot be said that the failure to take the accused before a magistrate until after this delay was a violation of due process of law, even though it appears that Iowa Code Section 758.1 was violated.

The third due process argument by the Relator refers to the detention of the Relator under arrest without a warrant, during which time he confessed to the crime. The Relator relies primarily on Mallory v. United States, 354 U.S. 449, 81 S.Ct. 99, 5 L.Ed.2d 75 (1957); Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948); United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); and McNabb v. United States, 318 U.S. 332, 63

S.Ct. 608, 87 L.Ed. 819 (1943). Each of these cases dealt with acts of federal officers in obtaining a confession. As such, the holdings of the Court go to the judicial supervision of the administration of justice in the Federal Courts and do not define "those fundamental principles of liberty and justice" to which the state courts are bound.[12] Whether or not any of these decisions would require that a confession be excluded simply because of unlawful delay, is therefore not binding in the present case.[13]

■ The question before this Court is not to be determined by the standards required of federal officers in federal courts, but rather is to be determined by what due process required of state officers in state courts. Relator relies on Ashcraft v. Tennessee, 322 U.S. 143, 66 S.Ct. 819, 90 L.Ed. 1040 (1944). In this case the United States Supreme Court held that the defendant, Ashcraft, who had been held incommunicado and questioned for thirty-six hours without respite, was coerced into confessing. Without deciding whether this case controls the due process issue presently be-

---

bama, 352 U.S. 191, 199, 77 S.Ct. 281, 285, 1 L.Ed.2d 246 said:

"Flouting of the requirement of prompt arraignment prevailing in most States is in and of itself not a denial of due process. Cf. McNabb v. United States, 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819]. But it is to disregard experience not to recognize that the ordinary motive for such extended failure to arraign is not unrelated to the purpose of extracting confessions."

12. See McNabb v. United States, supra at 340; United States v. Mitchell, supra at 67–68; Upshaw v. United States, supra at 411 (applying Federal Rules of Criminal Procedure, Rule 5(a)), 18 U.S.C.A.; and Mallory v. United States, supra at 451–453 (applying Federal Rules of Criminal Procedure, Rule 5(a)).

It is worthy of comment here that in the recent case of Mapp v. Ohio, 367 U.S. 643, 658, 81 S.Ct. 1684, 1693, 6 L.Ed.2d 1081 (1961), Mr. Justice Clark speaking for the Court said:

"Federal-state cooperation in the solution of crime under constitutional standards will be promoted, if only by recogni-

tion of their now mutual obligation to respect the same fundamental criteria in their approaches. 'However much in a particular case insistence upon such rules may appear as a technicality that inures to the benefit of a guilty person, the history of the criminal law proves that tolerance of shortcut methods in law enforcement impairs its enduring effectiveness.' Miller v. United States, 357 U.S. 301, 313 [78 S.Ct. 1190, 1197, 2 L.Ed.2d 1332] (1958). Denying shortcuts to only one or two cooperating law enforcement agencies tends naturally to breed legitimate suspicion of 'working arrangements' whose results are equally tainted. Byars v. United States, 273 U.S. 28 [47 S.Ct. 248, 71 L.Ed. 520] (1927); Lustig v. United States, 338 U.S. 74 [69 S.Ct. 1372, 93 L.Ed. 1819] (1949)."

This case dealt with an unlawful search and seizure and, therefore, does not limit the confession cases cited herein, which distinguish Federal and State convictions.

13. Stein v. New York, 346 U.S. 156, 187–188, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953).

 

fore the Court,[14] it is found that Triplett's mistreatment was not of the magnitude of the treatment given Ashcraft, and hence Ashcraft v. Tennessee, does not require this Court to find there was a violation of due process.

Numerous other cases have been examined by this Court in an attempt to determine the boundary between violation and permissive encroachment upon due process of law. It appears that the treatment given to Triplett reached this "Plimsoll line" but did not rise over.

In view of all the facts,[15] especially those relating to Triplett's apparent willingness to be confined, his comparatively good treatment while in custody and his refusal to select counsel or have counsel appointed, it cannot be said that his illegal detention violated the due process clause of the Fourteenth Amendment.

The final due process argument of the Relator is that a confession submitted to the jury to determine its voluntariness, and the failure of the trial jury to indicate how it had resolved the question of voluntariness in its verdict of guilty of murder is a violation of due process.

Although not binding here we note that the Iowa Supreme Court did not disagree with the trial court's instructions or the jury's finding.[16] These findings are given considerable weight and in the absence of a clear showing or conceded facts to the contrary this fact issue will not be retried.[17]

This Court has examined the record of the trial court and has heard oral argument of counsel. No error has been found in the submission of the question of voluntariness to the jury such that the

Relator did not receive due process of law.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

---

14. The Ashcraft case was certiorari to the State Supreme Court. Therefore, they decided the coercion issue, whereas in the present case the question is one of due process arising out of a petition for writ of habeas corpus.

15. "There is no guide to the decision of cases such as this, except the totality of circumstances * * *." Gallegos v.

Colorado, 370 U.S. 49, 55, 82 S.Ct. 1209, 1213, 8 L.Ed.2d 325 (1962).

16. State v. Triplett, 248 Iowa 339, 347, 79 N.W.2d 391, 396 (1956).

17. See Stein v. New York, 346 U.S. 156, 181–182, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953); Brown v. Allen, 344 U.S. 443, 463–465, 73 S.Ct. 397, 97 L.Ed. 469. (1953).