**William P. FOLEY, Plaintiff,**

v.

**The COMMONWEALTH OF MASSA-CHUSETTS, Defendant.**

**Civ. A. No. 69-1293.**

United States District Court,
D. Massachusetts.

April 3, 1970.

William P. Foley, pro se.

Lawrence P. Cohen, Asst. Atty. Gen., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, District Judge.

This is a civil action in which the jurisdiction of this court has been invoked pursuant to 28 U.S.C.A. § 2281 et seq. The complaint recites that it challenges Chapter 277, Appendix A, (sic) inclusive, of Massachusetts General Laws, as unconstitutional. The complaint also recites that the plaintiff was an inmate of the Warwick Forestry Camp, Warwick, Massachusetts, at the time the complaint was filed. However, plaintiff was free on parole when the matter was orally argued. It is not clear whether plaintiff, who filed the complaint *pro se,* attempted to bring a petition for a writ of habeas corpus on the one hand, or a suit under the federal Civil Rights Act on the other hand. It is clear, however, that plaintiff purported to act on behalf of a class of persons, who, according to the complaint, have been deprived of unspecified rights because of their inability to be heard or to be present when various grand juries have met to act as accusatory bodies. Plaintiff also complains of the fact that members of the class have not had the right to have counsel present at meet-

ings of grand juries, and of the fact that grand juries have heard accusations against him from witnesses without his presence and without affording him an opportunity to confront his accusers before the grand jury.

The matter was heard on a motion to dismiss filed by the Commonwealth. The Commonwealth argued that whether the matter be viewed as a petition for habeas corpus or as an attempt to sue under the Civil Rights Act, the complaint should be dismissed.

## I.

 Treating the complaint as a petition for habeas corpus, and treating plaintiff as still in custody although released from prison and enlarged on parole, it is clear that this court lacks jurisdiction, since it is nowhere alleged in the complaint, and plaintiff conceded at oral argument, that he never took a direct appeal to the Supreme Judicial Court from his conviction in Superior Court, nor has he taken advantage of any other remedy presently available to him in the courts of the Commonwealth. Accordingly, the complaint should be dismissed for lack of jurisdiction. Needel v. Scafati, 412 F.2d 761 (1 Cir. 1969), cert. denied 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113 (1969); Still v. Nichols, 412 F.2d 778 (1 Cir. 1969).

## II.

Treating the matter as a complaint under the Civil Rights Act, a number of cases have established that there is no right of a potential defendant to be present when the grand jury is considering returning an indictment against him. United States v. Levine, 127 F.Supp. 651 (D.Mass.1955); United States v. Scully, 225 F.2d 113 (2 Cir. 1955), cert. denied 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788; United States v. Elksnis, 259 F.Supp. 236 (S.D.N.Y. 1966), cert. denied 390 U.S. 990, 88 S.Ct. 1186, 19 L.Ed.2d 1295, reh. denied 390 U.S. 1036, 88 S.Ct. 1421, 20 L.Ed. 299. Consequently, the instant complaint, which is based solely on the denial of a non-existent right to be present in the grand jury, fails to state a cause of action under the Civil Rights Act.

In the light of the above rulings, plaintiff's belated request for the appointment of counsel, made at the conclusion of the hearing, is denied. Cf. 28 U.S.C.A. § 1915(d), under which a line of cases have held that the appointment of counsel in a claimed Civil Rights case is discretionary. United States ex rel. Gardner v. Madden, 352 F.2d 792 (9 Cir. 1965); Cole v. Smith, 344 F.2d 721 (8 Cir. 1965). With regard to the appointment of counsel if the case be viewed as a petition for habeas corpus, see Desmond v. Board of Parole, 397 F.2d 386 (1 Cir. 1968); Hatfield v. Bailleaux, 290 F.2d 632 (9 Cir. 1961), cert. denied 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59. The motion for appointment of counsel is denied.

For the above reasons, the defendant's motion to dismiss is allowed.