■ MASTRO PLASTICS CORP., Respondent, v. EMENEE INDUSTRIES, INC., Appellant.— Order, entered on February 20, 1963, denying defendant's motion to dismiss the second amended complaint for insufficiency, unanimously affirmed, with $20 costs and disbursements to the respondent. The second amended complaint alleges a violation of section 43-a of the Lanham Act and seeks remedies thereunder. It is alleged that the defendant is engaged in interstate commerce; that defendant's merchandise is inferior to the sample obtained from the competitor plaintiff; that defendant employed, in connection with such merchandise, "false description or representation * * * tending falsely to describe or represent the same" in that it represented it would make shipment as per sample; and that plaintiff has been damaged as a result thereof. These allegations suffice to make out a cause of action under the Lanham Act (cf. *L'Aiglon Apparel* v. *Lana Lobell, Inc.*, 214 F. 2d 649; *Parkway Baking Co.* v. *Freihofer Baking Co.*, 255 F. 2d 641, 648–649). The act defines a new civil wrong and the prior dismissal of the original complaint because the common law afforded no remedy to a competitor where the wrong merely resulted in a diversion of customers without confusion or palming off (*Mastro Plastics Corp.* v. *Emenee Ind.*, 16 A D 2d 420, affd. 12 N Y 2d 826) is of no significance. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ SOPHIE L. JOHNSON, as Administratrix of the Estate of LANCELOT M. JOHNSON, Deceased, Respondent, v. CHRIS HARRIS et al., Appellants.— Order, entered on February 6, 1962 granting plaintiff's motion to open a default and vacate the judgment entered thereon unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motion denied. The excuse offered for the plaintiff's default on the motion to dismiss for failure to prosecute is insufficient and the default should not have been opened. In any event the plaintiff offers no proper defense to the original motion to dismiss for failure to prosecute, and opening the default on that motion would serve no useful purpose. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.