Commonwealth ex rel. Maisenhelder, Appellant,
*v.* Rundle.

12

Argued January 9, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert W. Lentz,* for appellant.

*Alfred Delduco,* Assistant District Attorney, with him *Samuel J. Halpren,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 17, 1964:

On March 28, 1953, the defendant-appellant was arrested for the fatal shooting of his wife. On April 1, 1953, he was given a preliminary hearing before a justice of the peace where he entered a general plea of guilty to the charge of murder. At this hearing, he was not represented by counsel, nor was such representation requested. On May 11, 1953, he was indicted on the charge of murder. On May 25, 1953, the court appointed two lawyers to represent him. On Novem-

ber 30, 1953, he was arraigned before the court in the presence of his counsel and entered a plea of guilty to the indictment. Testimony on behalf of the Commonwealth and the defendant was presented before a court of two judges on December 17, 18, and 23, 1953. The record of the proceedings at the preliminary hearing before the magistrate was not entered in evidence. The admission of guilt before the magistrate was not used against the defendant at this hearing. On March 8, 1954, the court adjudged him guilty of murder in the first degree and fixed the punishment at life imprisonment. No appeal from the judgment was filed.

On July 11, 1963, the defendant-appellant filed in the court below a petition for a writ of habeas corpus. Counsel was appointed by the court to represent him. After hearing, the court denied the writ and dismissed the proceedings. An appeal from this order is now before us. No request was ever filed with the court below asking leave to withdraw the plea of guilty; nor has it been or is it now asserted that the defendant was not guilty of the charge.

The single question now presented for determination is: Was the appellant denied constitutional guarantees when he was given a preliminary hearing before the committing magistrate without the benefit of representation by counsel?

It has long been the law in Pennsylvania that a defendant need not be provided with counsel at the time of his arrest or immediately thereafter: *Commonwealth v. Agoston*, 364 Pa. 464, 72 A. 2d 575 (1950) ; *Com. ex rel. Carey v. Prison Keeper*, 370 Pa. 604, 88 A. 2d 904 (1952), cert. denied, 345 U.S. 930, 73 S. Ct. 793 (1953). The act of the legislature of March 22, 1907, P. L. 31, as amended by the Act of April 28, 1961, P. L. 145, §1, 19 P.S. §784, providing for the appointment of counsel for an indigent defendant accused of murder

requires the assignment of counsel to defend such person "at the trial of the case."

The present appeal is prompted by the pronouncements of the Supreme Court of the United States in *Powell v. Alabama,* 287 U.S. 45, 53 S. Ct. 55 (1932); *Hamilton v. Alabama,* 368 U.S. 52, 82 S. Ct. 157 (1961); *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050 (1963), and kindred cases. The rulings in these cases must be evaluated in light of the facts therein present.

In *Powell,* supra, the defendant plead not guilty and stood trial. No lawyer was definitely designated to represent him, although he was accused of a capital crime, until the very morning of the trial. As pointed out in the court's opinion, the young illiterate defendant, charged with an atrocious crime, was put in peril of his life within a few moments after counsel, for the first time, began to represent him. Failure of the court to make an effective appointment of counsel, and to give the defendant a reasonable opportunity to prepare and defend, clearly constituted a denial of due process under the 14th Amendment to the United States Constitution.

In *Hamilton,* supra, again the defendant plead "not guilty" and stood trial. Therein it was held that the failure to provide counsel at the time of arraignment of a defendant in a capital case was a denial of due process. The arraignment was a "critical stage" in the proceedings. Under Alabama law, certain defenses must be pleaded at this time or the opportunity to so plead at trial is lost.

In *White,* supra, the defendant at the preliminary hearing, without the benefit of counsel, plead "guilty" to the charge of murder. Later, at the arraignment, he changed his plea to "not guilty" and persisted in this plea throughout the trial that followed. The prosecution used his plea of "guilty" entered at the preliminary hearing against him during the trial.

It is readily apparent that the above cases are factually inapposite to the case at hand. Herein, the defendant was represented by competent and experienced counsel at the time of arraignment, as well as at trial. Herein the defendant entered a plea of guilty to the indictment after more than six months had elapsed from the date counsel had been designated to represent him. Ample opportunity to prepare and defend was thus afforded. While he did plead guilty to the charge at the preliminary hearing before the magistrate, this admission was not used against him at the hearing before the court. It in no way entered into the court's deliberation in assessing the degree of guilt. Further, his plea of guilty to the charge at the preliminary hearing, when he was without counsel, was the same plea he entered upon arraignment and at trial, when he had the services and advice of counsel. Under such circumstances, it is clear that the single reason now submitted for the appellant's release from prison is completely without merit. A denial of due process is not present.

It should be noted that under Pennsylvania law, the preliminary hearing before the committing magistrate and the arraignment of the defendant before the court, prior to trial, are distinctly separate proceedings. The former is conducted immediately after or within a reasonable time following the arrest. The latter is conducted subsequent to indictment and prior to trial. The nature, purposes and significance are materially different.

The primary reason for the preliminary hearing is to protect an individual's right against unlawful arrest and detention. It seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed, or for a crime with which there is no evidence of his connection. It is not a trial in any sense of the word. It does not purport or at-

tempt to determine the guilt or innocence of the accused, nor is he required to speak, plead or offer testimony in defense. See, *Commonwealth v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956). On the other hand, at the arraignment, which is required only in cases wherein the charge is murder, the defendant is called before the court and required to enter his plea to the indictment.

It should be noted also, that several federal courts have recently decided that the constitutional provision requiring the assistance of counsel contains no express or implied command that an accused shall be furnished counsel at the time of the preliminary hearing, and that the failure to provide him with counsel at that time does not, in itself, constitute lack of due process. See, *Bryant v. United States,* 173 F. Supp. 574 (1959); *State v. Sullivan,* 10 Cir. (1955), 227 F. 2d 511; *United States v. Levine,* 127 F. Supp. 651 (1955); *United States v. Blanton,* 77 F. Supp. 812 (1948).

Order affirmed.

Mr. Justice MUSMANNO dissents.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

Here appellant plead guilty at the preliminary hearing to the charge of murder without benefit of counsel. Even though there is no showing of prejudice, I would reverse since the rationale of *White v. Maryland,* 373 U.S. 59 (1963) and *Hamilton v. Alabama,* 368 U.S. 52 (1961) does not require such a showing.

In *White v. Maryland,* the conviction was reversed because defendant was not represented by counsel when he plead at the preliminary hearing even though it was not required that he plead. The same facts are present in the instant proceeding. Law enforcement officers throughout the Commonwealth must be alerted to the constitutional safeguards that have been pro-

nounced by the Supreme Court of the United States. Our Court should not permit any deviation, nor should we be swayed by the concern that one who is guilty might escape the consequence of his action. Rather, we should be rigid in our supervision of all governmental agencies and require strict adherence to the constitutional protections which have been enunciated.