Commonwealth ex rel. Whiting, Appellant, *v.* Rundle.

18

Submitted January 16, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles Edward Whiting*, appellant, in propria persona.

*William C. Cahall, III*, Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 17, 1964:

The appellant, after indictment and trial, was convicted by a jury of murder in the first degree. The sentence was fixed at life imprisonment. Following the denial of post trial motions and impositions of sentence, an appeal to this Court resulted in an affirmance of the judgment: *Commonwealth v. Whiting*, 409 Pa. 492, 187 A. 2d 563 (1963).

Subsequently, the appellant instituted two actions of habeas corpus, both of which were dismissed without hearing. We are here concerned with an appeal from

an order in the second of these proceedings.[1]  It is without merit.

Appellant first complains that he was arrested without a warrant and that his room was likewise searched without the prior issuance of a search warrant.

The facts incident to the crime and defendant's arrest are fully set forth in this Court's recent opinion, overruling the original appeal from the judgment, and need not be repeated in detail here.  However, it must be noted that the record discloses that the defendant was arrested within hours after the victim was found stabbed and lying in a pool of blood in his tailor shop; that a woman living in an apartment immediately above heard the quarrel and screams coming from below; that she then looked out of her window and saw a man leaving the premises through a rear exit; that a short time later she saw a man of the same build and appearance a short distance from the scene; that at first she could not remember his name, but afterwards remembered and realized that it was the defendant whom she casually knew.  When this information was reported to the police, they went looking for the defendant and in the course of taking him into custody searched the room where he lived.  Under such circumstances, this was a lawful arrest and the search as an incident thereto was valid and proper.

Where a police officer has knowledge of facts and circumstances, which are sufficient to warrant a man of reasonable caution to believe that a certain individual has committed a felony, he may arrest without the necessity of a prior issuance of a warrant.  The fact that his knowledge is based on hearsay does not destroy its role in establishing probable cause.  See, *Commonwealth ex rel. Spencer v. Ashe*, 364 Pa. 442,

---

[1] Counsel for the Commonwealth failed to file a printed brief with this Court, or to appear at the oral argument. Such official neglect is inexcusable and is emphatically condemned.

71 A. 2d 799 (1950); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963); *Carroll v. United States,* 267 U.S. 132 (1925); *Brinegar v. United States,* 338 U.S. 160 (1949); *Ker v. California,* 374 U.S. 23 (1963).

It is likewise firmly established law that a search which is incident to a lawful arrest is valid and reasonable even though conducted without a search warrant: *Commonwealth v. Cockfield,* 411 Pa. 71, 190 A. 2d 898 (1963); *Commonwealth v. Gockley,* 411 Pa. 437, 192 A. 2d 693 (1963); *Abel v. United States,* 362 U.S. 217 (1960); and *Ker v. California,* supra.

Appellant next complains that his constitutional guarantees were impinged upon in that he was not afforded counsel at the preliminary hearing before the committing magistrate. *White v. Maryland,* 373 U.S. 59 (1963), is cited as controlling. This case for substantial reasons is inapposite.

In *White,* the defendant, without the benefit of counsel, entered a plea of guilty at the preliminary hearing, and this admission was subsequently used against him at trial. This is not the situation here. The appellant plead not guilty at his preliminary hearing and persisted in this course of action throughout the trial. Nothing that happened at the preliminary hearing was used against him at trial, or had the slightest effect thereon. The Sixth Amendment to the United States Constitution does not expressly or by implication require that a defendant be furnished counsel at the time of the preliminary hearing and the lack of counsel at this time does not, in itself, constitute lack of due process. See, *Com. ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964).

Lastly, appellant complains that his preliminary hearing, held approximately thirty hours after his arrest, was unreasonably delayed. There is no requirement in Pennsylvania law that the preliminary hearing be conducted within a specified time. The delay in

this case was not unreasonable, but assuming that it was, this fact alone without the further showing of resulting prejudice does not constitute lack of due process. Such is absent here. See, *Commonwealth v. Agoston*, 364 Pa. 464, 72 A. 2d 575 (1950); *Commonwealth v. Senk*, 412 Pa. 184, 194 A. 2d 221 (1963).

Since the record clearly fails to establish any good legal reason why the appellant should be granted habeas corpus and released from confinement, the court below properly dismissed the action without hearing: *Com. ex rel. Norman v. Rundle*, 411 Pa. 648, 192 A. 2d 419 (1963).

Order affirmed.

Mr. Justice COHEN concurs in the result.

