Commonwealth ex rel. Herge, Appellant, *v.* Rundle.

Submitted May 25, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Irvin C. Herge,* appellant, in propria persona.

*William R. Balph, Jr.,* Assistant District Attorney, and *Kenneth E. Fox, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1964:

This is an appeal from an order in the court below dismissing a petition for a writ of habeas corpus without hearing.

On January 28, 1946, the appellant-defendant was arrested for the murder of one Jean Fatur, which occurred on or about October 16, 1945. An indictment was returned by the grand jury on March 4, 1946. On March 11, 1946, the defendant appeared in court, represented by two experienced and highly regarded lawyers of his own choosing, and upon arraignment entered a plea of guilty to the general charge of murder. On the indictment, he personally signed the plea of guilty.

A hearing before the court to determine the degree of guilt and sentence to be imposed followed, and con-

tinued for several days. A total of forty-four witnesses were called by the Commonwealth and twelve by the defense. The evidence of the Commonwealth established that the defendant, aged forty-one years, a married man, had sexual relations with the victim, who was then in her twentieth year; that as a result she suffered pregnancy; that the defendant brutally beat and killed her to prevent his wife from learning of his infidelity; that he hid the victim's body in the trunk of his automobile for several days and finally disposed of it by throwing the body in the Maumee River in the State of Ohio.

On April 22, 1946, the court adjudged the defendant guilty of murder in the first degree and fixed the punishment at life imprisonment. No appeal was entered from the judgment of sentence. There has never been a request to withdraw the guilty plea.

Subsequently, the defendant instituted a series of actions in habeas corpus which were all dismissed. In at least two instances, the court entered into a full hearing and failed to find any good reason why the defendant should be released from confinement.

The only reason of any substance assigned for the issuance of a writ in the present action is that the defendant was not afforded counsel when he was taken before the committing magistrate for a preliminary hearing following his arrest. In *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964), we ruled that a defendant need not be provided with counsel at the hearing before the committing magistrate and the absence thereof does not in itself constitute lack of due process or violate any constitutional guarantees. See also, *Commonwealth ex rel. Whiting v. Rundle,* 414 Pa. 17, 198 A. 2d 568 (1964).

The defendant alleges that he was "forced to enter a plea" before the committing magistrate. This is belied by the record which manifests that the defendant

waived a hearing and was held for the next term of court. Moreover, at the hearing before the court following his plea of guilty to the indictment, nothing was said in reference to the proceedings before the committing magistrate, and what happened in said proceeding in no way entered into the court's consideration of the case or influenced the adjudication.

Order affirmed.