Commonwealth ex rel. Ciampini, Appellant, *v.* Maroney.

Submitted October 12, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

106

*Emery F. Ciampini,* appellant, in propria persona.

*Edward B. Doran,* Assistant District Attorney, and *Richard E. McCormick,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, November 10, 1964:

The appellant, Emery Floyd Ciampini, on February 16, 1959, was convicted by a jury of murder in the first degree with sentence fixed at life imprisonment.[1] He was represented by court appointed counsel. A motion for a new trial was filed wherein his counsel solely urged that, under the facts established at trial, "the verdict . . . should not have been higher than second degree." On August 24, 1959, the court ordered a new trial.

On November 16, 1959, the appellant appeared in court with his counsel and pled guilty generally to the indictment. It was agreed that the adjudication could be made on the testimony offered at the trial before the jury. He was found guilty by the court of second degree murder and sentenced to the Western State Penitentiary for an indeterminate term of from 10 to 20 years. No appeal from the judgment of sentence was entered.

On October 17, 1963, the appellant filed an action in habeas corpus which the lower court dismissed without hearing. This appeal from that order followed.

---

[1] At trial, the defendant testifying in his own behalf did not deny he shot and killed the deceased. His defense was that excessive drinking had caused him not to know what he was doing and that he didn't intend to harm the victim.

The only reason assigned for the issuance of the writ is that the appellant was not afforded the assistance of counsel at the preliminary hearing before the committing magistrate and at the time of the coroner's inquest, in violation of constitutional due process.

An examination of the record does not disclose the nature of the appellant's plea before the committing magistrate. From the docket entries of that officer, it appears that after hearing the testimony of the prosecuting police officer, it was concluded that a prima facie case had been made out and the accused was immediately held for court action. The record does not disclose that a coroner's inquest was held. An examination of the trial record discloses that nothing that occurred at the hearing before the committing magistrate, or at the coroner's inquest, if such were in fact held, was referred to or offered in evidence at trial or entered into the consideration of the case in any manner.

Under the circumstances, *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964), and *Commonwealth ex rel. Herge v. Rundle,* 415 Pa. 36, 202 A. 2d 24 (1964), are controlling.

Order affirmed.