### Commonwealth ex rel. James, Appellant, *v.* Russell.

Submitted January 6, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Isaac James,* appellant, in propria persona.

*Ted E. Freedman* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 16, 1965:

Relator appeals from an Order of the Court of Common Pleas which dismissed his petition for a writ of habeas corpus. The petition for the writ asserted only one ground for relief, to wit: "Although the law requires defendant to have counsel at his preliminary hearing none was provided, nor was defendant advised of this right to counsel."

Relator, now 25 years old, is serving a life sentence imposed after a conviction of murder in the first degree committed when he was 15 years old. According to the testimony presented in his murder trial, relator stabbed to death a young boy of the same age, following an argument which developed during a basketball game on January 27, 1954. Relator was taken into custody on the day of the stabbing and was given a preliminary hearing. The record does not disclose any transcript of testimony which may have been taken at the preliminary hearing, but an Order was entered holding defendant without bail for action by the Grand Jury. On February 19, 1954, the Grand Jury found true bills charging defendant with murder and voluntary and involuntary manslaughter.

On April 14, 1954, the Court appointed counsel for relator. On June 1, 1954, the case was tried before a three-Judge Court at which relator was represented by his Court-appointed counsel. Six witnesses, two of whom were eye witnesses to the stabbing testified for the Commonwealth and were cross-examined by defense counsel. The relator testified in his own behalf. The record of the preliminary hear-

ing at which relator was uncounseled was not presented in evidence, nor was any reference made thereto.

*White v. Maryland,* 373 U.S. 59, requires the appointment of counsel, under certain circumstances, at each "critical stage" in criminal proceedings. However, a preliminary hearing of the type hereinabove mentioned is not in Pennsylvania a "critical stage", especially where, as here, no admissions or confessions or statements (if any) made by the accused at the preliminary hearing, are introduced against him at his trial: *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 324-5, 206 A. 2d 283, 285; *Commonwealth ex rel. Ciampini v. Maroney,* 416 Pa. 105, 107, 204 A. 2d 249; *Commonwealth ex rel. Herge v. Rundle,* 415 Pa. 36, 38, 202 A. 2d 24; *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 15-16, 198 A. 2d 565; *Commonwealth ex rel. Whiting v. Rundle,* 414 Pa. 17, 20, 198 A. 2d 568; *Commonwealth ex rel. Wagner v. Myers,* 414 Pa. 35, 37, 198 A. 2d 540; *Commonwealth ex rel. Chapman v. Maroney,* 414 Pa. 76, 80, 198 A. 2d 548; *Commonwealth ex rel. Parker v. Myers,* 414 Pa. 427, 429, 200 A. 2d 770. Cf. *Commonwealth v. Patrick,* 416 Pa. 437, 206 A. 2d 295.

We find no merit in defendant's contentions.

Order affirmed.

Mr. Justice COHEN concurs in the result.