Commonwealth ex rel. White, Appellant, *v.* Myers.

Submitted April 23, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry B. White,* appellant, in propria persona.

*Clarence C. Newcomer,* First Assistant District Attorney, and *Wilson Bucher,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 13, 1965:

This is a petition for a writ of habeas corpus by a defendant who was convicted of murder in the first degree and sentenced to life imprisonment.

Petitioner alleges that (1) on November 23, 1959, while intoxicated and extremely angry, he shot and wounded his estranged wife; (2) he then turned himself in to the State Police and made and signed a statement that he shot his wife.

Petitioner was subsequently charged with assault and battery with intent to kill. Before this indictment could be tried, petitioner's wife died—he alleged as a result of bronchial pneumonia. On December 21, 1959, he was indicted for murder and, as above mentioned, found guilty and sentenced to life imprisonment.*

The record shows that soon after the shooting of his wife, petitioner went to Ulrich's Cafe in Ephrata, Lancaster County, and told the bartender that he had shot his wife and asked him to call the State Police. The bartender testified at the trial of petitioner for murder that at the time of the aforesaid conversation defendant "seemed sober to me." On that same evening, viz., the evening of the shooting, petitioner admits that he freely told trooper Harold Yost—after he had been warned that he did not have to make a statement and that anything he said might be used against him— that he shot his wife and that he made the statement of his own free will. It is difficult to imagine a case where a confession was so spontaneous. His contentions will be disposed of hereinafter.

In *Commonwealth ex rel. Storch v. Maroney,* 416 Pa. 55, 204 A. 2d 263, the Court said (page 59): ". . . When a judgment of conviction is attacked collaterally in habeas corpus, the complaining party has the burden of clearly establishing the facts which would justify the conclusion of lack of due process which he asserts. See, Commonwealth ex rel. Edwards v. Myers, 405 Pa. 190, 175 A. 2d 70 (1961), cert. denied, 369 U.S. 840 (1962) ; Commonwealth ex rel. McCray v. Rundle, 415 Pa. 65, 202 A. 2d 303 (1964) ; and Moore v. Michigan, 355 U.S. 155 (1957)."

Petitioner contends that he was deprived of due process because he had no counsel at the magistrate's

---

* The charge of assault and battery with intent to kill was nolle prossed by the District Attorney.

hearing. For each of two reasons there is no merit in this contention. In the first place, a preliminary hearing in Pennsylvania does not purport or attempt to definitely determine the guilt of the accused, nor is he required to plead or speak or offer testimony in his defense. The magistrate at such a hearing merely determines whether a prima facie case has been made out which is legally sufficient to hold the accused for the grand jury. *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565. The fact that a person charged with crime does not have counsel at a preliminary hearing before a committing magistrate does not, in itself, constitute lack of due process or violate any constitutional guarantee: *Commonwealth ex rel. Ciampini v. Maroney*, 416 Pa. 105, 204 A. 2d 249; *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565; *Commonwealth ex rel. Herge v. Rundle*, 415 Pa. 36, 202 A. 2d 24; *Commonwealth ex rel. Whiting v. Rundle*, 414 Pa. 17, 198 A. 2d 568; *Commonwealth ex rel. Storch v. Maroney*, 416 Pa. 55, 204 A. 2d 263; *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283. Even more importantly, petitioner was represented by very able counsel at the preliminary hearing on the charge of murder and at the actual trial thereon. No post trial motions were made in the trial Court, nor was any appeal from judgment of sentence ever filed.

Furthermore the record does not support petitioner's other allegations (a) that he told the police he did not have sufficient money to employ a lawyer, and (b) that he attended a preliminary magistrate's hearing on the charge of assault and battery with intent to kill. The magistrate's records show, on the contrary, and petitioner subsequently admits in his brief, that he waived a hearing.

Finally, petitioner's contention that his voluntary statement or confession to the police just after shoot-

ing his wife was a critical stage which required representation by counsel is devoid of merit, and does not fall within the protection of *Escobedo v. Illinois*, 378 U.S. 478, or *Jackson v. Denno*, 378 U.S. 368, or *Carnley v. Cochran*, 369 U.S. 506. See also *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670.

We find no merit in any of petitioner's contentions.

The Order of the lower Court which dismissed the petition for a writ of habeas corpus is affirmed.

Mr. Justice COHEN dissents.