Dale Leroy **KONVALIN**, Appellant,

v.

Maurice H. **SIGLER**, Warden, Appellee.

No. 19731.

United States Court of Appeals,
Eighth Circuit.

Sept. 22, 1970.

Gary W. Radil, Omaha, Neb., on brief for appellant.

Clarence A. H. Meyer, Atty. Gen., and Ralph H. Gillan, Asst. Atty. Gen., Lincoln, Neb., on brief for appellee.

Before MATTHES, Chief Judge, and GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

Petitioner appeals a denial by the federal district court of his petition for a writ of habeas corpus. The facts leading to petitioner's conviction are fully set forth in the state proceedings, State v. Konvalin, 179 Neb. 95, 136 N.W.2d 227 (1965) (direct appeal), and State v. Konvalin, 181 Neb. 554, 149 N.W.2d 755 (1967) (post-conviction). We affirm the denial of relief.

Petitioner was sentenced to the Nebraska State Penitentiary for two terms of 20 years on two counts of robbery with a gun, sentences to run concurrently, and for seven years for assault with intent to commit rape. The seven-year term was to run consecutive to the two 20-year terms. The petitioner alleges constitutional infirmities in his conviction by reason of (1) ineffective assistance of counsel at trial; (2) denial of counsel at preliminary hearing; and (3) the introduction of a Luger pistol into evidence without tracing possession of the pistol to the petitioner. The federal district judge, the Honorable Robert Van Pelt, in a thorough analysis of these issues concluded that petitioner was not entitled to any relief. The trial court's opinion adequately disposes of the evidence issue concerning the admissibility of the Luger pistol into evidence. In light of recent United States Supreme Court cases, however, we find it necessary to discuss petitioner's contention relating to his right to effective counsel at trial and preliminary hearing.

It is conceded that the petitioner was without counsel at the preliminary hearing held April 30, 1964. Petitioner informed the court at that time that he intended to obtain private counsel. On September 8, 1964, he was arraigned in the municipal court in Omaha, Nebraska. At the arraignment petitioner pleaded not guilty and his case was set for immediate trial. The Public Defender's office was instructed to assist him in making the necessary telephone calls to retain counsel of his own choice. As Judge Van Pelt points out, the petitioner had had the prior summer to engage private counsel or to consult with the Public Defender's office and was fully aware of his constitutional rights.[1] Mr. Hayes of the Public Defender's office appeared on Konvalin's behalf at the arraignment. The court again told Konvalin that if he could not retain a private practitioner the court would appoint the Public Defender's office to represent him. The day after the arraignment Mr. Hayes was informed by the state the names of witnesses it would call and essentially what their testimony would be. On Monday, September 14, 1964, a jury was impaneled and trial was commenced. The petitioner made no objection as to the Public Defender's office representing him.

It is urged that this belated appointment makes out a prima facie case of denial of effective assistance of counsel and that the burden of proving any absence of prejudice is shifted to the state under these circumstances. The petitioner principally relies upon United States ex

---

1. The record reflects as early as May 18, 1964, the district court conditionally appointed the Public Defender's office to represent the defendant. However, we disregard that appointment since Mr. Hayes openly observed to the court on September 8, 1964, "I would like the record to show at this time that I don't represent the defendant today but the case is less than a week away."

rel. Chambers v. Maroney, 408 F.2d 1186 (3 Cir. 1969),[2] and United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3 Cir. 1968). It is urged here that both the state and the federal district court failed to follow this standard in weighing prejudice. Although this circuit has not previously adopted this standard,[3] we now feel that the decision is no longer one for us to make.

■■ In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the Supreme Court of the United States denied relief from a charge of ineffective assistance of counsel based on a belated appointment of counsel. In *Chambers* the petitioner did not confer with his new counsel on retrial until just a few minutes before the second trial began. The Supreme Court, speaking through Mr. Justice White, observed that both the district court and the court of appeals had examined the state court record and found that the second trial had not resulted in any prejudice to the petitioner. Mr. Justice White observed:

> "*Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases.* But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, when-

ever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel." 399 U.S. at 54, 90 S.Ct. at 1982, 1983 (Emphasis ours.)

Implicit in this statement is the fact that prejudice must still be shown arising from the belated appointment of counsel and that such prejudice must either appear within the four corners of the state record or affirmatively appear by proof produced by the petitioner asserting it. Under these circumstances and upon a review of the entire state proceedings, as well as the state post-conviction proceedings, we find no evidence of prejudice from the alleged belated appointment of legal assistance to Konvalin. There exists no charge here that Konvalin's counsel was incompetent or so inexperienced as to be ineffective.[4] Petitioner's brief fails to single out any alleged ineffectiveness in appointed counsel's performance other than perhaps that petitioner was convicted.[5]

The district court observed that under Nebraska procedure the denial of counsel at the preliminary hearing was not a denial of counsel at a critical stage of the criminal proceeding. We have held this in previous cases. Sheldon v. Nebraska,

---

2. As will be discussed, this case was affirmed by the United States Supreme Court on June 22, 1970. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

3. Cf. Pedicord v. Swenson, 431 F.2d 92 (8 Cir. 1970).

4. In United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3 Cir. 1969), aff'd 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970), the Third Circuit discusses its standard of a prima facie presumption of ineffective assistance of counsel arising from last-minute appointment of counsel. The Third Circuit followed their previous ruling in United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3 Cir. 1968), which was primarily premised upon Fields v. Peyton, 375 F.2d 624 (4 Cir. 1967). Regardless of whether the burden is on the state or upon the petitioner, even under this standard a

court is at liberty to view the entire record and determine whether or not there exists adequate affirmative evidence to overcome the presumption of harm from the lack of time for preparation. Even if we may assume the existence of a rule presuming prejudice, we find upon analysis of the record no evidence of prejudice arising out of the belated appointment in the instant case.

5. As Judge Van Pelt so well stated: "The Sixth Amendment does not require victory in order that the assistance of counsel be effective, but rather an accused be supplied with counsel who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles is the constitutional requirement. Taylor v. United States, 282 F.2d 16 (8 Cir. 1960). This the petitioner was provided."

401 F.2d 342 (8 Cir. 1968); Burnside v. Nebraska, 346 F.2d 88 (8 Cir. 1965); Ronzzo v. Sigler, 235 F.Supp. 839 (D. Neb.1964), aff'd, 346 F.2d 565 (8 Cir. 1965). The district court's decision was rendered prior to the recent case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). In *Coleman* the Supreme Court ruled that the mere fact that a state's procedure prevents evidence taken at the preliminary hearing from being used at trial is not sufficient grounds to deny an accused the right to have counsel present at the hearing. The Court held that *a preliminary hearing is a critical stage* of a criminal proceeding, that counsel was essential in order to protect the accused against any erroneous or improper prosecution and that the right of counsel under the Constitution is applicable to such proceedings. Mr. Justice Brennan outlined the circumstances which led the Court to find the need of counsel at a preliminary hearing: (1) the skill of counsel's examination or cross-examination which might expose the weakness of the state's case so as to cause the magistrate to refuse to bind the accused over; (2) interrogation to lay foundation for later impeachment at trial or to preserve testimony of a witness favorable to the accused who does not appear at trial (compare California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)); (3) the use of the preliminary hearing as a means of discovery for proper preparation; and (4) the effective assistance to provide for early psychiatric care or bail. The Supreme Court then stated that the determination of harmless error could not be made on the present record and remanded the case for such finding by the state court, a more proper forum for the issue.

The *Coleman* decision was handed down on June 22, 1970. The preliminary hearing in question here relates to April 30, 1964. We must first determine whether *Coleman* is to be applied retroactively.

The Supreme Court has not directly passed on the retroactivity of the assistance of counsel in this situation. In Wetzel v. North Carolina, 399 U.S. 934, 90 S.Ct. 2250, 26 L.Ed.2d 805 (1970), the identical question was before the Supreme Court and the petition for writ of certiorari was denied. Mr. Justice Black, Mr. Justice Douglas, and Mr. Justice Harlan dissented, citing Coleman v. Alabama, supra, and their dissenting opinions in Desist v. United States, 394 U.S. 244, 255, 256, 89 S.Ct. 1030, 22 L. Ed.2d 248 (1969). We view the question of retroactivity dependent upon the principles applied in Desist v. United States, supra. See also Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253 (1969).

The Supreme Court in *Desist* reiterated the principles relating to retroactivity summarized in Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967):

> "(a) [T]he purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

The Court pointed out that foremost among these factors is the purpose to be served by the new constitutional rule. Thus a rule such as first enunciated in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), dealing solely with the exclusionary principles, was considered to be directed more towards prospective than retrospective application. Although we are not dealing with an exclusionary rule, particularly in view of the fact that no evidence used at the preliminary hearing could be introduced at the trial under the Nebraska procedure, we nevertheless feel that the first consideration militates against any retrospective application of the requirement of counsel at a preliminary hearing. As pointed out in Stovall v. Denno supra, the probability of a condemned practice affecting the integrity of a truth-determining process "must in turn be weighed against the prior justified reliance upon the old standard and

the impact of retroactivity upon the administration of justice." 388 U.S. at 298, 87 S.Ct. at 1970. Following this rationale and applying the reasons for the need of counsel at the preliminary hearing as outlined in *Coleman,* although counsel may very well be needed "to assure the integrity and reliability of our system of justice, [it] undoubtedly will affect cases in which no unfairness will be present." 388 U.S. at 299, 87 S.Ct. at 1971.

There exists a clear distinction between absence of counsel at trial and absence of counsel at the preliminary hearing. Furthermore, as discussed in *Stovall,* it is conceivable that many of the cases in which the rule is not applied retroactively may present situations in which due process might be denied because of the absence of counsel at a preliminary hearing. Cf. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961); Sigler v. Bird, 354 F.2d 694 (8 Cir. 1966).

Although it might be said that the ruling in *Coleman* had been foreshadowed,[6] there is no doubt that a great many states followed the rule as applied in this circuit, that counsel at the preliminary hearing was not necessary where the proceedings were not in any way considered prejudicial to the trial itself. See e.g., State v. Schumacher, 97 Ariz. 354, 400 P.2d 584 (1965); Webster v. State, 156 So.2d 890 (Fla.App. 1963); Blake v. State, 109 Ga.App. 636, 137 S.E.2d 49 (1964); Freeman v. State, 87 Idaho 170, 392 P.2d 542 (1964); People v. Daniels, 49 Ill.App.2d 48, 199 N.E.2d 33 (1964); State v. Richardson, 194 Kan. 471, 399 P.2d 799 (1965); Yates v. Commonwealth, 386 S.W.2d 450 (Ky. 1965); Johnson v. State, 238 Md. 140, 207 A.2d 643 (1965); State v. Owens, 391 S.W.2d 248 (Mo. 1965); Victoria v. Young, 80 Nev. 279, 392 P.2d 509 (1964); State v. Dennis, 43 N.J. 418, 204 A.2d 868 (1964); Gantar v. Cox, 74 N.M. 527, 395 P.2d 354 (1964); Bussey v. Maxwell, 177 Ohio St. 111, 202

N.E.2d 698 (1964); Commonwealth ex rel. James v. Russell, 416 Pa. 546, 207 A.2d 792 (1965); State v. White, 243 S.C. 238, 133 S.E.2d 320 (1963); State v. Jackson, 66 Wash.2d 24, 400 P.2d 774 (1965). State law enforcement officials undoubtedly have relied upon this weight of authority. To apply the rule retroactively would be the genesis for literally hundreds of post-conviction evidentiary hearings which in sheer numbers would virtually shatter the bounds of reality. We assume, of course, that in each instance, as here, the defendant did have the assistance of counsel at trial.

 We conclude that the rule enunciated in *Coleman* requiring counsel at preliminary hearings is to be applied prospectively only.

Judgment affirmed.

---

6. Mr. Justice Douglas said that in 200 years the Court had not been faced with the direct question. 399 U.S. at 15, 90 S.Ct. 1999.