## Commonwealth v. Sampson

*Allen E. Ertel,* District Attorney, for Commonwealth.
*John Felix,* Public Defender, for defendant.

GREEVY, P.J., August 26, 1974.—This matter is before the court on defendant's application to suppress evidence.

### FINDINGS OF FACT

On March 20, 1974, at approximately 8:30 p.m., Trooper Nicodem, of the Pennsylvania State Police, responded to a report by a Mr. Matlack that he had observed an individual entering several automobiles in the vicinity of his home located near the J. George Becht School, in Loyalsock Township, Lycoming County, Pa. Upon arriving at this location, Mr. Mat-

lack informed the trooper that he could identify the individual and, therefore, accompanied the officer on a cruise of the area.

Pursuant to this action, defendant was observed walking on the street a short distance from Mr. Matlack's home and identified by him as the individual he had seen entering the cars. At approximately 8:35 p.m. defendant was placed under arrest and advised of his constitutional rights. Subsequent to the arrest, defendant was searched and certain items were taken from his pockets.

Defendant now seeks to have the items taken from him during this search, and statements made by him after the arrest, suppressed, contending that the arrest was illegal and that he was under the influence of alcohol, rendering him incapable of knowingly, intelligently and voluntarily waiving his rights to remain silent.

## DISCUSSION

Defendant relies on Commonwealth v. Reeves, 223 Pa. Superior 51 (1972) for the proposition that an officer can arrest without a warrant only for a misdemeanor committed in his presence. We do not disagree, but find that theory inapposite here.

The facts before the officer prior to defendant's arrest were that an unknown individual had been entering different automobiles in a residential neighborhood. From this the officer would have been justified in a belief that defendant had been attempting to steal an automobile, a felony under sections 905 and 3903 of the Crimes Code, Act of December 6, 1972, P. L. 1068 (No. 334), see United States v. Rickus, 351 F. Supp. 1379 (E.D. Pa., 1972), affirmed 480 F.2d 919 (1973). There is no requirement that a felony occur in

the presence of an officer, only that probable cause exist for an arrest: Commonwealth v. Vassiljev, 218 Pa. Superior Ct. 215 (1971); Commonwealth ex rel. Whiting v. Rundle, 414 Pa. 17 (1964); Pa. R. Crim. P. 101(2).

Even though police may not have charged defendant with an offense permitting arrest based on probable cause, defendant's arrest and subsequent search are valid as long as probable cause for such a charge existed at the time of arrest; United States v. Rickus, supra.

"Probable cause to arrest depends upon whether at the moment the arrest was made the facts and circumstances within the arresting officer's knowledge of which he has reasonable trustworthy information, were sufficient to warrant a prudent man in believing that the citizen had committed, or was committing, a crime. (Citations omitted)": Commonwealth v. Mackie, 220 Pa. Superior Ct. 741 320 A.2d 842 (1974).

We find that at the time of arrest the officer had such facts before him to warrant a prudent man in believing a felony had been committed, and that defendant had committed the offense. We, therefore, hold that the search of defendant was a valid search conducted pursuant to a lawful arrest.

Defendant's assertion that he was incapable of knowingly, voluntarily and intelligently waiving his right to remain silent because of intoxication is without merit.

At the hearing, the arresting officer testified that defendant was given his rights immediately after his arrest. The arresting officer and another officer who had spoken with defendant after he was taken to the police barracks, testified that although defendant had an odor of alcohol, his conversation was normal, he

defended himself well verbally, and he was alert. Both officers testified that in their opinion defendant was not drunk, with the arresting officer concluding that, if driving a motor vehicle, defendant would not have been considered under the influence of intoxicating liquor.

Evaluating all the testimony, we find that the Commonwealth has met its burden of proving that the required warnings were given defendant and that he made a knowing and intelligent waiver of his right to remain silent: Commonwealth v. Cobbs, 452 Pa. 397 (1973).

## CONCLUSIONS OF LAW

1. Defendant was legally arrested.

2. Items taken from defendant were seized as the result of a search conducted pursuant to a lawful arrest.

3. Defendant was properly advised of his constitutional right to remain silent.

4. Defendant made a knowing, intelligent and voluntary waiver of his right to remain silent.

On the basis of the foregoing we made the following

## ORDER

And now, August 26, 1974, defendant's application to suppress is dismissed and the prayer is denied.

Items taken from defendant's person, and statements made after his arrest, are admissible at trial.

This record shall be impounded pursuant to Pa. R. Crim. P. 323(g).