## Commonwealth, Appellant, v. Friel.

Argued June 19, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Alan J. Davis*, Assistant District Attorney, with him *Paul R. Michel*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellant.

*John H. Clay*, with him *Ronald J. Brockington*, for appellee.

OPINION BY JACOBS, J., September 15, 1967:

The Commonwealth appeals the order of the court below suppressing the admission into evidence of nar-

cotics seized as a result of a search without a valid warrant of appellee's automobile. The Commonwealth asserts the search can be justified on either of two arguments: (1) it was incident to a lawful arrest and/or (2) the search of the automobile under the circumstances was permissible without a warrant because the officers had probable cause to believe it contained contraband. In view of our agreement with the first of these arguments, we need not pass on the validity of the second argument.

The testimony shows that on the morning of January 10, 1966 an informer telephoned the Special Investigations Squad of the Philadelphia Police Department, spoke to Officer Span, and asked the officer to meet him at a nearby restaurant. Officer Span and his partner went to the restaurant at about 10 a.m. The informer told them that a man named John Friel was driving around with a load of narcotics in his car. He said Friel had approached several people including himself in an attempt to sell the drugs. He also said that he believed that if Friel was not arrested that day he would leave the city. The informer gave the officers a description of Friel's car, including the license number, and told them Friel would be in the vicinity of 16th and Market Streets, Philadelphia, some time that day as a friend of Friel owned a bar in that area. Officer Span testified the informer was well known both to him and Captain Ferguson, head of the Special Investigations Squad, that the informer had given information in the past which resulted in numerous arrests and that he "definitely did believe this man." The police got search warrants for the car and apartment of John Friel, and went immediately to the 16th and Market Street area to look for Friel. At about 7:30 p.m. that same day the officers observed Friel parking his car at the southwest corner of that intersection. The car fitted the description given by the informer and

the police identified the driver as Friel through the use of police photos of Friel they had with them. Officer Span and several other police officers got out of their unmarked car, and identified themselves to Friel who was standing beside his car. They searched the car. In the trunk of the car they found a cardboard box about one and a half feet square filled with narcotics. They then took Friel to his apartment, and to the police station where he was booked.

The lower court found that the search warrants were invalid since the affidavits were insufficient and that oral statements made to the magistrate could not be considered since the statements were not sworn to. The Commonwealth concedes that the warrants were invalid so we do not propose to discuss that issue. The lower court also found that the search could not be justified as a search incident to arrest since the search preceded the arrest.

It is clear that (1) police may arrest without a warrant where they have probable cause to believe the person arrested has committed a felony, (2) they may make a valid search without a warrant, incident to such arrest, and (3) the validity of such a search depends on the validity of the arrest and the extent of the search. *United States v. Rabinowitz,* 339 U.S. 56, 70 S. Ct. 430, 94 L. ed. 653 (1950); *Commonwealth v. Negri,* 414 Pa. 21, 198 A. 2d 595 (1964). The lower court did not reach the question of probable cause for the arrest, since it felt that where the search precedes the arrest it cannot be justified as incident to the arrest. With this we cannot agree. Rather we think that where, as here, an automobile is searched and the search and arrest are nearly contemporaneous in point of time the search may be justified as incident to the arrest, but in determining the validity of the arrest we must look only to the facts and circumstances known to the police officers prior to the search. Such a rule

precludes the possibility that police will use the prior search to justify the arrest (which will then be used to justify the search), but avoids the difficulty present in this case of trying to decide exactly when the arrest occurs.[1] As was said by the New Jersey Supreme Court in a case where a search warrant was admittedly invalid and the search was upheld as incident to a lawful arrest: "Ordinarily the sequence is important because the validity of an arrest without a warrant cannot be judged by what a search revealed. The right to arrest must pre-exist the search. . . . This is not to say that where an arrest is valid independently of, and is not made to depend on, the search or its result, evidence produced by a search will be suppressed simply because in precise point of time the arrest does not precede the search. It is sufficient if the valid arrest and search are reasonably contemporaneous, that is, they occur as parts of a single transaction, as connected units of an integrated incident." *State v. Doyle,* 42 N.J. 334, 200 A. 2d 606, 610 (1964). The same rule is followed in California and other states. *People v. Cockrell,* 63 Cal. 2d 659, 408 P. 2d 116 (1965); *Willson v. Superior Court,* 46 Cal. 2d 291, 294 P. 2d 36 (Opinion by Traynor, J., 1956). See *Goss v. State,* 390 P. 2d 220 (Alaska, 1964); *People v. Kuntze,* 371 Mich. 419, 124 N.W. 2d 269 (1963); *People v. Simon,* 45 Cal. 2d 645, 290 P. 2d 531 (1955); 89 A.L.R. 2d 715.

---

[1] An arrest may be accomplished by acts of the police that indicate their intention to take the person into custody and subject the person to their control. No formal declaration of arrest or the application of physical force is required. *Commonwealth v. Bosurgi,* 411 Pa. 56, 68, 190 A. 2d 304 (1963). In the present case the lower court assumed that the arrest came after the search. Actually, the testimony is not clear at what point appellee was placed under arrest since the search and arrest were nearly simultaneous in point of time.

The question then is was there probable cause to arrest prior to the search of the car? We think there was. In order to make an arrest without a warrant the arresting officer must have sufficient facts within his knowledge to warrant "a man of reasonable caution to believe that a certain individual has committed a felony. . . ." *Commonwealth ex rel. Whiting v. Rundle,* 414 Pa. 17, 19, 198 A. 2d 568 (1964); *Commonwealth v. Negri,* supra; *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963). "The fact that his knowledge is based on hearsay does not destroy its role in establishing probable cause." *Commonwealth ex rel. Whiting v. Rundle,* supra. Here Officer Span and his partner, both of whom were present at the arrest, were told John Friel illegally possessed narcotics, a felony in this state. Act of September 26, 1961, P. L. 1664, §20, as amended, 35 P.S. §780-20(c). The informer was known to Officer Span and had given reliable information at least ten times in the past. The police went to the place where the informer said Friel would be found with the drugs in his car. Friel did appear at that spot, driving a car that fit the description given by the informer. At this point the facts and circumstances known to the police were more than sufficient to justify an immediate arrest. See *Draper v. United States,* 358 U.S. 307, 79 S. Ct. 329, 3 L. ed. 2d 327 (1959).

The order of the court below suppressing evidence obtained from the search of appellee's automobile is reversed.

HOFFMAN, J., would affirm on the opinion of Judge SPAETH for the court below.