Commonwealth *v.* Smith, Appellant.

Argued December 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward J. Zetusky, Jr.,* for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Judgment of sentence affirmed.

---

CONCURRING OPINION BY SPAULDING, J.:
This is an appeal by Joseph Smith, appellant, from his January 1968 conviction in the Court of Common Pleas of Chester County for possession of narcotics.

On April 28, 1967, Detective Hamilton of the Chester police received a telephone call from an informant who told him that appellant would be driving a Cadillac sedan to a certain corner in Chester that day, and that he would be carrying a quantity of heroin in his mouth. The informant who was well known to the officer and who had given reliable information in the past also told the officer the license number of the car and the name of the driver, Joseph Smith. Detective Hamilton related this information to Magistrate Puzzanchera who issued search and arrest warrants. Smith was arrested and searched pursuant to the warrants and eleven packets of heroin wrapped in foil were found in his mouth.

Appellant argues here, as he did at the pretrial suppression hearing, that the warrants were defectively issued and the evidence seized should have been suppressed. Assuming arguendo that the warrants were procedurally defective, the question remains whether the officers had probable cause to arrest without a warrant.

The police may arrest without a warrant when they have probable cause to believe a felony is being committed, and the validity of a search in the course of such an arrest depends on the validity of the arrest. *U.S. v. Rabinowitz*, 339 U.S. 56 (1950), *Commonwealth v. Negri*, 414 Pa. 21, 198 A. 2d 595 (1964).

*Commonwealth v. Friel*, 211 Pa. Superior Ct. 11, 234 A. 2d 22 (1967), which is factually indistinguishable from the instant case, controls. In keeping with the excellent opinion by Judge JACOBS in that case, we find the officers had probable cause to arrest appellant and that the search incidental to that arrest was valid.

MONTGOMERY, J., joins in this concurring opinion.