STATE OF NORTH CAROLINA v. THOMAS E. CLARK.

(Filed 18 December, 1967.)

Constitutional Law § 32—

The fact that defendant is not represented by counsel at the preliminary hearing is not a deprivation of defendant's rights, there being the introduction of no admissions made by defendant on such preliminary hearing, nor the admission of any evidence prejudicial to defendant at such preliminary hearing.

APPEAL by defendant from *Campbell, J.,* May 15, 1967 Session, CALDWELL Superior Court.

The defendant was arrested on separate warrants charging: (1) the felonious breaking and entering into the City Flour and Feed Co. building on February 14, 1967 and larceny of goods of the value of less than $200; (2) the felonious breaking and entering into the Harper Furniture Company building on February 15, 1967 and larceny of goods of the value of more than $200; and (3) the felonious breaking and entering into the City Auto and Transmission Service building on February 23, 1967 with intent to steal personal property therein stored. The defendant waived a preliminary hearing and was bound over to Superior Court of Caldwell County. The Grand Jury, at the May, 1967 Session, returned bills of indictment charging the above designated felonies and two others of the same character involving different buildings.

Upon a showing of indigency, the Court appointed counsel to represent the defendant at the trials in the Superior Court. The defendant first entered pleas of not guilty to all charges. However, after the State had begun the presentation·of its evidence, the defendant withdrew his pleas of not guilty and entered pleas of guilty in all cases. Before accepting the pleas, the Court conducted a thorough examination of the defendant under oath with respect to his change of pleas. The record fully sustains the Court's findings the pleas of guilty were freely, understandingly, and voluntarily made.

The Court, in Cases No. 67 CRD 1835, 67 CRD 1836 and 67 CRD 1838 imposed sentences of not less than 7 nor more than 9 years, to run concurrently. In Case No. 67 CRD 1837, prayer for judgment was continued for 5 years conditioned on good behavior. From the above sentences, the defendant appealed.

The record as first certified contained contradictory statements as to the defendant's pleas. Upon remand under this Court's order, the record in the Superior Court was corrected and as now certified shows that the defendant entered pleas of guilty. The corrections were certified here from the Superior Court under date of December 11, 1967.

STATE *v.* BISHOP; STATE *v.* BASKIN; STATE *v.* THOMPSON; STATE *v.* McCAIN.

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney, for the State.*
*Ted S. Douglas for the defendant.*

PER CURIAM. As his sole ground for the appeal, the defendant alleges his constitutional rights were violated in that he was not afforded counsel at his preliminary hearing. As shown by the record, and the addendum thereto, the defendant was indicted in 5, or perhaps 6, cases, each charging felonies. Concurrent sentences of 7 to 9 years were entered by the Court. Neither at the preliminary nor at the trial did the State offer evidence of any admissions made by the defendant. Nothing prejudicial to him was shown to have taken place at any time. The assignment of error based on failure of the State to provide counsel at a preliminary hearing has been carefully considered and has been answered against the defendant's contention in *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740.

This opinion was held up pending the correction of the Superior Court records. These corrections have been made and the opinion is released as of December 18, 1967.

No error.