STATE OF NORTH CAROLINA v. JOE LOCKLEAR (ALIAS HOSS LOCKLEAR)

No. 7016SC290

(Filed 24 June 1970)

1. Conspiracy § 6—   proof of conspiracy — acts occurring after conspiracy

   While the beginning of a conspiracy to commit a crime must precede the commission of the crime itself, the presence of a conspiracy need not be proved by direct evidence of acts which precede the commission of the actual crime.

2. Conspiracy § 6—   sufficiency of evidence

   State's evidence of events which occurred after alleged conspiracy had been consummated was sufficient to support a finding by the jury that defendant and another had combined or agreed to commit larceny by unlawfully removing tobacco from the possession of its owners and appropriating it to their own use.

3. Conspiracy § 7;   Larceny § 8—   failure to instruct on elements of larceny

   In this prosecution for conspiracy to commit felonious larceny and

felonious larceny, failure of the court to instruct the jury as to the essential elements of larceny entitles defendant to a new trial on both charges.

APPEAL by defendant from *Burgwyn, E.J.,* 20 October 1969 Criminal Session of ROBESON County Superior Court.

Defendant was brought to trial upon a bill of indictment, proper in form, containing three counts. The first count charged defendant and various other individuals, including Huel Locklear, with conspiracy to commit felonious larceny. The second count charged felonious larceny and the third count charged the offense of receiving property knowing it to have been stolen. The third count was *nol prossed.*

The State's evidence tended to show the following: On the morning of Tuesday, 9 September 1969, Mr. Wilton Shooter discovered that fourteen sheets of tobacco owned by him and two of his tenants and valued in excess of $1,250.00 had been removed from a packhouse near Rowland. The latch on the side door of the packhouse had been pulled off. Shooter had observed the tobacco in the packhouse the previous afternoon. On Wednesday, 10 September 1969, thirteen of the fourteen sheets of tobacco were found at the house of June Vanderhall. A single sheet of tobacco was seen in front of defendant's house. The tobacco found at Vanderhall's house was identified by means of certain pieces of cloth that had been tied to the sheets in order to identify the tobacco in which each tenant owned an individual interest.

Tire tracks at the packhouse matched tracks found in defendant's yard on the morning of 9 September 1969. On the night of Tuesday, 9 September 1969, after a deputy sheriff had been at defendant's home taking plaster casts of tire tracks, defendant and Huel Locklear went to June Vanderhall's house in a pickup truck and asked his permission to store some tobacco there. Four hours later, Huel Locklear delivered the thirteen sheets of tobacco to Vanderhall's house in the same pickup truck. Before light on the morning of Thursday, 11 September 1969, Huel Locklear went to Vanderhall's house to talk to him about the stored tobacco but stated that he had to see defendant about the tobacco before he could take it out. Defendant owned a pickup truck. There was no evidence that the treads on the truck tires matched those which had made the tracks at the scene of the alleged theft; however, there was evidence that the tires on defendant's truck had been recently changed.

Defendant offered evidence tending to establish an alibi.

The jury returned a verdict finding defendant guilty as charged in both of the remaining counts of the indictment. A single judgment was entered imposing a prison sentence for a term of not less than five nor more than seven years. The sentence was suspended upon the condition that the defendant pay a fine of $500.00 and comply with certain other conditions recited in the judgment. Defendant appealed.

*Robert Morgan, Attorney General, by Sidney S. Eagles, Jr., Assistant Attorney General, for the State.*

*Henry B. Shore for defendant appellant.*

GRAHAM, J.

Defendant does not challenge the sufficiency of the evidence to support the charge of larceny, but he does contend that the court erred in failing to nonsuit the conspiracy charge, since the only evidence tending to support that charge related to events which happened after the offense of conspiracy, if it occurred at all, had been consummated.

[1] The cases cited by defendant establish that the beginning of a conspiracy to commit a crime must precede the commission of the crime itself. This principle is elementary. It does not follow, however, that the presence of a conspiracy can be proved only by direct evidence of acts which precede the commission of the actual crime. In *State v. Andrews,* 216 N.C. 574, 577, 6 S.E. 2d 35, Devin, J. (later C.J.), stated as follows:

> "The existence of the unlawful agreement need not be proven by direct testimony. It may be inferred from other facts, and the conditions and circumstances surrounding. 11 Am. Jur., 548, 570. 'The results accomplished, the divergence of those results from the course which would ordinarily be expected, the situation of the parties and their antecedent relations to each other, together with the surrounding circumstances, and the inferences legitimately deducible therefrom, furnish, in the absence of direct proof, and often in the teeth of positive testimony to the contrary, ample ground for concluding that a conspiracy exists.' *S. v. Whiteside, supra; S. v. Anderson,* 208 N.C., 771 (787); *S. v. Shipman,* 202 N.C., 518, 163 S.E., 657; *S. v. Ritter,* 199 N.C., 116, 154 S.E., 62."

[2] The evidence in this case, when taken in the light most favorable to the State, is ample to support a finding by the jury that

defendant and Huel Locklear combined or agreed to commit larceny by unlawfully removing the tobacco in question from the possession of its owners and appropriating it to their own use. "As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is complete." *State v. Knotts,* 168 N.C. 173, 188, 83 S.E. 972. It is our opinion, and we so hold, that the court properly overruled defendant's motion for nonsuit.

[3]    Defendant also assigns as error the failure of the court to instruct the jury as to the essential elements of larceny. This assignment of error must be sustained. A careful review of the complete charge of the court as it appears in the record discloses that at no point in the charge was the jury instructed as to any of the essential elements of the crime of larceny. Whether this resulted from an inadvertence on the part of the trial judge or an omission by the reporter in transcribing the charge we do not know. In any event, the record, including the charge, has been certified by the clerk and contains a stipulation that the transcript and the judge's charge are correct. Suffice to say, the failure of the charge to contain essential instructions regarding the offenses of which defendant has been convicted constitutes a violation of G.S. 1-180 and requires a new trial on both counts.

New trial.

MALLARD, C.J., and MORRIS, J., concur.