433 F.2d 659
 Lewis Thomas PHILLIPS, Appellant,
v.
STATE OF NORTH CAROLINA, Appellee.
 No. 14252.
 United States Court of Appeals, Fourth Circuit.
 Argued October 9, 1970.
 Decided November 9, 1970.
 
 Patrick M. McSweeney, Richmond, Va. (court-assigned) for appellant.
 Jacob L. Safron, Staff Atty., Raleigh, N. C. (Robert Morgan, Atty. Gen. of N. C., on brief) for appellee.
 Before BOREMAN, BRYAN, and BUTZNER, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 In Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Supreme Court held that the Sixth Amendment requires the appointment of counsel to represent indigents at Alabama preliminary hearings. In 1966, Lewis Thomas Phillips, unassisted by counsel, was bound over to a grand jury at a preliminary hearing which both parties agree is materially the same as Alabama's.[1] Subsequently, he was indicted, assigned counsel, tried on a plea of not guilty, and convicted of murder. In this appeal from the denial of a petition for habeas corpus, the sole issue is whether Coleman should be given retroactive effect. We hold that it should not.[2]
 
 
 2
 Whether a new rule of criminal procedure should be applied retroactively or prospectively depends on consideration of three criteria: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967). Of these criteria, the first is the most important. Desist v. United States, 394 U.S. 244, 249, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Consequently, new standards securing the right to counsel have been applied retroactively when "denial of the right must almost invariably deny a fair trial." Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970 (1967). On this basis the right to counsel has been applied retroactively to preliminary hearings where rights may be sacrificed or defenses lost,[3] to the trial,[4] on appeal,[5] to hearings to revoke probation and impose a deferred sentence,[6] and to hearings on the waiver of juvenile jurisdiction.[7] On the other hand, the right to counsel has been applied prospectively to pretrial custodial interrogations[8] and to lineups for identification.[9]
 
 
 3
 The stated purpose of the Coleman rule is "to protect the indigent accused against an erroneous or improper prosecution." 399 U.S. at 9, 90 S.Ct. at 2003. Specifically the Court mentions:
 
 
 4
 "First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail."
 
 
 5
 In support of his claim that the purpose of the Coleman rule demands retroactive application, Phillips relies heavily on Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968), which gave retroactive effect to White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). Arsenault, White, and their predecessor, Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), are like Coleman in that they announced the right to counsel at a preliminary stage of the criminal process. However, the nature of the proceedings in those cases is fundamentally different from the preliminary hearings in this case or in Coleman. At the pretrial proceedings in Hamilton, the accused had to assert such defenses as insanity, pleas in abatement, and motions to quash on the ground of improperly drawn grand jury, or these defenses would be irretrievably lost. In White and in Arsenault, the accused had entered a guilty plea at a preliminary hearing when he was unrepresented by counsel, and in both cases the plea was admitted at trial. Clearly, in Arsenault, White, and Hamilton, the proceedings were an integral part of the guilt determining process.
 
 
 6
 In contrast, the total insulation of the preliminary hearing from the trial distinguishes Coleman from White, Arsenault, and Hamilton not only in the nature and function of the proceedings, but also in its effect on the guilt determining process. Cf. Pointer v. Texas, 380 U.S. 400, 402, 85 S.Ct. 1065, 13 L.Ed. 2d 923 (1965) (dictum). In North Carolina, as in Alabama, no defenses may be lost if not asserted at the preliminary hearing, and nothing that takes place at a hearing where the accused is unrepresented by counsel can be admitted at trial. The chief purpose of the hearing is to determine whether there is sufficient evidence to warrant presenting the case to the grand jury and to set bail. Indeed, it is not an essential criminal proceeding. The state may initiate prosecutions before the grand jury without any preliminary hearing at all. Similarly, the accused may waive a hearing and consent to the certification of the charges to the grand jury. Gasque v. State, 271 N.C. 323, 156 S.E.2d 740 (1967), cert. denied, 390 U.S. 1030, 88 S.Ct. 1423, 20 L.Ed.2d 288 (1968).
 
 
 7
 To be sure, if a preliminary hearing is held, the accused gains important rights and advantages that can be effectively exercised only through his attorney. Counsel's function, however, differs from his function at trial. Broadly speaking, his role at the preliminary hearing is to advise, observe, discover the facts, and probe the state's case. In this respect he serves in somewhat the same capacity as counsel at lineups and interrogations, which are both pretrial stages of criminal proceedings where the right to counsel has not been held retroactive. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1722, 16 L.Ed.2d 882 (1966).
 
 
 8
 In Stovall, the Court noted, "unlike cases in which counsel is absent at trial or on appeal, it may confidently be assumed that confrontations for identification can be and often have been conducted with scrupulous fairness and without prejudice to the accused at trial." 388 U.S. at 299, 187 S.Ct. at 1971. The same can be said of preliminary hearings in North Carolina. Indeed, the remedy which the Court fashioned in Coleman — a remand for determination of whether the error was harmless — recognizes that absence of counsel at a preliminary hearing does not, of itself, entail prejudice to the defendant. We are also fortified in our opinion that retroactive effect is not necessary to fulfill the purposes of Coleman, because a prisoner may still obtain habeas corpus relief if, without the assistance of counsel, he was subjected to a preliminary hearing which was likely to infect his ensuing trial. E. g., White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961); Sigler v. Bird, 354 F.2d 694 (8th Cir. 1966).
 
 
 9
 Phillips argues that the Court's characterization of the preliminary hearing as a Sixth Amendment "critical stage" compels retroactive application of Coleman. The issue of retroactivity, however, is not dependent in any degree on the constitutional provision involved. Desist v. United States, 394 U.S. 244, 253, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Nor is the designation of a proceeding as a "critical stage" a touchstone for retroactivity. The lineup in Wade and the interrogation in Miranda were both "critical stages" where the right to counsel attached, but the standards established by these cases were not made retroactive.
 
 
 10
 The second criterion for determining the effect that should be given Coleman — reliance on the pre-Coleman standard — strongly favors prospective application. Although the desirability of furnishing counsel to indigents at preliminary hearings had been recognized,[10] until Coleman, every circuit held that there was no federal constitutional requirement for counsel at the type of preliminary hearings where rights cannot be sacrificed or lost.[11] Numerous state decisions also reached the same conclusion.[12] In fact, we know of no decision before Coleman to the contrary. For years, most states and the federal government, relying on this precedent, did not provide representation for indigents at preliminary hearings. Not until 1964 did Congress make provision for appointment of counsel at commissioners' hearings,[13] and as recently as 1965 approximately two-thirds of the states did not appoint counsel for preliminary hearings.[14]
 
 
 11
 Finally, we must consider the effect of retroactivity upon the administration of justice. The Attorney General of North Carolina estimates that the number of cases coming within a retroactive application of Coleman would unquestionably include the greater percentage of all felony convictions presently being served in the North Carolina Department of Correction. Empirical data, unfortunately, are not available, but we must agree that retroactivity would place a substantial burden on the administration of criminal justice. Cf. Tehan v. U. S. ex rel. Shott, 382 U.S. 406, 418, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966). Coleman would require retrial where the absence of counsel was not harmless error, applying the standard of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We cannot speculate on the number of retrials that would be required, but aside from retrials, numerous post-conviction hearings would put a strain on the state's judicial, prosecutory, and defense facilities. See Konvalin v. Sigler, 431 F.2d 1156, 1160 (8th Cir. 1970). The problem is compounded because the state keeps no record of its preliminary hearings, witnesses may be deceased or absent from the jurisdiction, and, even if available, their memories may be dim. It would be most difficult to reconstruct both the preliminary hearing and the trial to show that the absence of counsel was harmless beyond a reasonable doubt.
 
 
 12
 We conclude that the limited purpose which might be served by making Coleman retroactive is clearly outweighed by the state's proper reliance on the former standard and the resulting burden on the administration of criminal justice. We hold, therefore, that Coleman should apply only to those preliminary hearings held after June 22, 1970.
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 See Vance v. North Carolina, 432 F.2d 984 (4th Cir. 1970), for a comparison of preliminary hearings in North Carolina with those in Alabama
 
 
 [2]
 Accord, Konvalin v. Sigler, 431 F.2d 1156 (8th Cir. 1970); cf. Wetzel v. North Carolina, mem. No. 12,776 (4th Cir. 1969), cert. denied, 399 U.S. 934, 90 S.Ct. 2250, 26 L.Ed.2d 805 (1970)
 
 
 [3]
 White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 192-193 (1963), held retroactive in Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed. 2d 5 (1968). See also Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L. Ed.2d 114 (1961)
 
 
 [4]
 Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), held retroactive in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)
 
 
 [5]
 Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), held retroactive in Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964)
 
 
 [6]
 Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), held retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968)
 
 
 [7]
 In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), held retroactive in Kemplen v. Maryland, 428 F.2d 169 (4th Cir. 1970)
 
 
 [8]
 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) held prospective in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); see also Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253 (1969)
 
 
 [9]
 United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), held prospective in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)
 
 
 [10]
 See ABA, Standards Relating to Providing Defense Services 44, 68 (Approved Draft 1968)
 
 
 [11]
 E. g., Pagan Cancel v. Delgado, 408 F.2d 1018 (1st Cir. 1969); United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2d Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181 (1964); United States ex rel. Budd v. Maroney, 398 F.2d 806 (3d Cir. 1968); DeToro v. Pepersack, 332 F.2d 341 (4th Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181 (1964); Walker v. Wainwright, 409 F.2d 1311 (5th Cir.), cert. denied, 396 U.S. 894, 90 S.Ct. 191, 24 L.Ed.2d 171 (1969); Waddy v. Heer, 383 F.2d 789 (6th Cir. 1967), cert. denied, 392 U.S. 911, 88 S.Ct. 2069, 20 L.Ed.2d 1369 (1968); Butler v. Burke, 360 F.2d 118 (7th Cir.), cert. denied, 385 U.S. 835, 87 S.Ct. 79, 17 L.Ed.2d 69 (1966); Pope v. Swenson, 395 F.2d 321 (8th Cir. 1968); Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965), cert. denied, 383 U.S. 951, 86 S.Ct. 1213, 16 L.Ed.2d 213 (1966); Latham v. Crouse, 320 F.2d 120 (10th Cir.), cert. denied, 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317 (1963); Headen v. United States, 115 U.S.App.D.C. 81, 317 F.2d 145 (1963)
 
 
 [12]
 See Annot., 5 A.L.R.3d 1269, 1319, § 10(b) (1966)
 
 
 [13]
 Criminal Justice Act of 1964, 18 U.S.C. § 3006A(b) (1964), as amended, (Supp. IV, 1968)
 
 
 [14]
 ABA, Standards Relating to Providing Defense Services 44 (Approved Draft 1968). Undoubtedly the number of states appointing counsel at preliminary hearings has grown since 1965. For example, North Carolina provided for such representation effective July 1, 1969. N.C. Gen.Stat. § 7A-451(b) (4) (Repl.Vol. 1969)