James H. NOE, Petitioner,

v.

J. D. COX, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 70-C-12-H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Dec. 22, 1970.

James H. Noe, pro se.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

Petitioner, a Virginia state prisoner, seeks relief by way of writ of habeas corpus pursuant to the provisions of 28 U.S.C., § 2241. The relevant facts are as follows:

On January 2, 1957, petitioner pleaded guilty to a charge of burglary in the Circuit Court of Bedford County, Virginia, and was sentenced to a term of twelve years. On July 6, 1965, the United States District Court for the Eastern District of Virginia voided the Bedford County conviction. Petitioner was retried and convicted again, but this second conviction was reversed by the Virginia Supreme Court of Appeals on March 6, 1967. The Bedford County indictment has subsequently been dismissed.

On October 6, 1961, while on parole from the Bedford County conviction, the petitioner entered a plea of guilty in the Circuit Court of Augusta County, Virginia to each of four counts of breaking and entering, three counts of burglary and one count of attempted breaking and entering. On December 8, 1961, the petitioner was sentenced by the Circuit Court of Augusta County to eight separate ten year terms of imprisonment, the terms to run concurrently.

Petitioner's first basis for habeas corpus relief from his conviction in the Circuit Court of Augusta County is that he

was denied assistance of counsel at his preliminary hearing on August 14, 1961, in violation of his Sixth Amendment right to counsel.

On January 19, 1970, the Supreme Court of Appeals of Virginia denied a petition for a writ of error to a judgment of the Circuit Court of Augusta County, where the Circuit Court denied Noe's petition for a writ of habeas corpus. Petitioner then raised the point raised here and has exhausted his state remedies.

Three recent decisions control this court's consideration of the necessity of counsel at the preliminary hearing; these are: Coleman v. Alabama, 399 U. S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Vance v. State of North Carolina, 432 F.2d 984 (4th Cir. 1970); and Phillips v. State of North Carolina, 433 F.2d 659 (4th Cir. 1970).

In *Coleman*, it was held that a preliminary hearing is a "critical stage" of the Alabama criminal process and an indigent accused is entitled to have counsel appointed to represent him at the preliminary hearing. In *Vance*, this circuit, noting the similarity of purpose and procedure between the Alabama preliminary hearing and the North Carolina preliminary hearing, held that in North Carolina the preliminary hearing was a "critical stage" requiring the appointment of counsel for an indigent defendant.

In Virginia, the purpose of the preliminary hearing is to determine "whether there was reasonable ground to believe that [an offense] had been committed and [the accused] was the person who committed the [offense]." See Williams v. Commonwealth, 208 Va. 724, 728, 160 S.E.2d 781, 784 (1968). The preliminary hearing in North Carolina serves the same function. *Vance* at p. 988 of 432 F.2d. In North Carolina, the preliminary hearing is not a mandatory step in the prosecution of a criminal case since the accused may waive such hearing and the state may dispense with the preliminary hearing upon the return of an indictment. *Vance*, p. 989. Similarly, Virginia Code, § 19.1–163.1 provides that an accused may waive his right to a preliminary hearing. Also, in Virginia, an accused who has been indicted for an offense may be tried without a preliminary examination. Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963).

The purposes and procedures of the preliminary hearing in Virginia are so similar to those in North Carolina that, in Virginia, as in North Carolina, the safeguards provided by the preliminary hearing may not be fully utilized unless the accused is assisted by counsel. Thus, there is no distinction between the constitutional necessity of counsel at a preliminary hearing in North Carolina and at such a hearing in Virginia. The court therefore holds that the Virginia preliminary hearing is a "critical stage" of the Virginia criminal process at which an indigent accused is entitled to have counsel appointed.

The next question is whether or not this rule should be applied retroactively in Virginia so as to apply to the petitioner's preliminary hearing held in 1961.

In Phillips v. State of North Carolina, 433 F.2d 659 (4th Cir. 1970), this circuit held that the rule announced in *Coleman*, requiring the appointment of counsel to represent indigents at preliminary hearings, was not to be given retroactive effect in North Carolina. As was pointed out in *Phillips*, the determination as to whether a new rule of criminal procedure will be applied retroactively or prospectively "depends on consideration of three criteria: '(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards'." [Citing Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)].

The purpose of the new rule is the same in Virginia as in North Carolina, i.

e., "to protect the indigent accused against an erroneous or improper prosecution." Phillips, p. 661 of 433 F.2d, citing *Coleman*.

The reliance by law enforcement authorities upon the old standard in Virginia was at least as well founded and as extensive as the reliance of such authorities in North Carolina. See, for example, Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968), cert den. 393 U.S. 849, 89 S. Ct. 80, 21 L.Ed.2d 120; and Vess v. Peyton, 352 F.2d 325 (4th Cir. 1965), cert den. 383 U.S. 953, 86 S.Ct. 1215, 16 L.Ed.2d 214. Both *Coles* and *Vess* held that in Virginia there was no requirement to provide an accused with counsel at a preliminary hearing.

Because of the State's reliance upon the old standard, a retroactive application of the *Coleman* rule would place a serious burden upon the judicial system of Virginia. The numerous, perhaps hundreds, of post conviction hearings, as well as the numerous retrials, which would be the certain result of retroactivity, would be bound to result in a strain on the State's system of judicial administration. Review of countless prisoners' petitions filed teaches the court that seldom, if ever, is a transcript made in a preliminary hearing unless a defense attorney is present. Cloudy memories, lapse of time, dead or missing witnesses, and the propensity of man to rationalize, spurred on by a natural desire for release from confinement, could, and probably would, operate to release an untold number of guilty criminal defendants who had received one fair trial in a court of record. See also *Phillips*, 433 F.2d p. 663.

Upon very similar considerations, the 4th Circuit, in *Phillips*, held that the *Coleman* rule should not be made retroactive but should apply only to those preliminary hearings held after June 22, 1970.

Applying the same test as utilized in *Phillips*, this court finds that the purpose which might be served by applying *Coleman* retroactively in Virginia is outweighed by the State's justifiable reliance upon the old standard and the burden on the administration of justice which would result from such a retroactive application. It is therefore held that the *Coleman* rule is not retroactive in Virginia, but should apply only to those preliminary hearings held after June 22, 1970.

Petitioner's second ground for habeas corpus relief is twofold. He sets forth two contentions, either of which, he alleges, entitle him to be resentenced upon his conviction in the Circuit Court of Augusta County. Petitioner raised both of these grounds in his petition for a writ of habeas corpus to the Supreme Court of Appeals of Virginia. On June 12, 1968, the Supreme Court of Appeals denied the petition, and the petitioner has exhausted his state remedies.

■ First, petitioner alleges that the former Virginia Code section 19.1–299 [1] deprived the Circuit Court of Augusta County of the power to suspend sentence in petitioner's case because of his prior conviction of a felony in the Bedford County court which has subsequently been declared void. This contention may be disposed of by pointing out that the former Virginia Code § 19.1–299 did not apply to the offenses involved in the Augusta County convictions, but only to larceny, forgery or uttering, or attempted forgery or uttering, and therefore was not applicable to the petitioner's sentencing.

■ Secondly, petitioner alleges that the now void Bedford County conviction could have affected the determination of

---

1. Virginia Code, § 19.1–299. SUSPENSION OF SENTENCE IN CERTAIN CASES. Upon a conviction in a court of record of the charge of larceny, forgery or uttering or attempting to employ as true such forged writing, knowing it to be forged, the court may, in its discretion, suspend sentence during the good behavior of the person convicted, provided that he has not been previously convicted of a like offense or any felony. (Repealed by Acts 1962, c. 561).

sentence in the Augusta County case and he is therefore entitled to be resentenced upon the Augusta County conviction free from the taint of the Bedford County conviction. Petitioner has had this contention previously considered by the Court of Appeals for the Fourth Circuit in Noe v. Peyton, No. 14,579 Memo.Dec. (1970). In that case, the court stated:

> "Within the range of sentences prescribed by statute for a given offense, the sentence imposed on a particular defendant is a matter within the sound discretion of the trial court. The reasons motivating a trial judge in ordering a particular punishment are ordinarily not subject to appellate review or to collateral attack. Instantly, we are governed by Stevens v. Warden, Maryland Penitentiary, 382 F.2d 429, 433 (4th Cir. 1967), in which we held that 'the federal courts have no right to review any sentence of a state court which does not exceed the statutory maximum sentence which may be imposed under the laws of the state'.[2]" Noe v. Peyton, No.

"2. This rule is subject to qualification in certain limited circumstances, as when a harsher sentence is imposed on retrial as a penalty for the defendant's having exercised his right to seek review of his original conviction, North Carolina v. Pearce, 395 U.S. 711 [89 S.Ct. 2072, 23 L.Ed.2d 656] (1969), or when the sentence imposed is so ambiguous as to render it impossible to determine the intention of the sentencing judge. Perkins v. Peyton, 369 F.(2d) 590 (4th Cir. 1966). In a proceeding under 28 U.S.C. 2255, we have ordered a Federal prisoner resentenced where the trial judge imposed a maximum sentence in the mistaken belief that he was powerless to impose less, thus depriving himself, through an erroneous view of the law, of the opportunity to exercise discretion in sentencing. United States v. Lewis, 392 F.(2d) 440 (4th Cir. 1968)." Id. p. 3, note 2.

14,579 Memo.Dec. p. 3 (4th Cir. 1970).

The facts of the present case do not come within any of the situations which would justify this court's review of the sentences imposed by the Circuit Court of Augusta County, and the court therefore declines to speculate upon the trial judge's reasons for imposing the particular sentence which he did. It should be noted that the trial judge was, if anything, lenient in permitting the petitioner's eight separate ten-year sentences to run concurrently.

The state records which are before this court disclose all the pertinent factual matters necessary for the determination of the petitioner's contentions. Thus, no further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

An order is this day entered dismissing the petition.