STATE OF NORTH CAROLINA v. LUTHER HAGER

No. 7120SC484

(Filed 4 August 1971)

1. Constitutional Law § 32; Criminal Law § 21— counsel at preliminary hearing — nonretroactivity of U. S. Supreme Court decision

   U. S. Supreme Court decision that an accused has a constitutional right to counsel at a preliminary hearing is not retroactive and applies to preliminary hearings held after 22 June 1970.

2. Criminal Law § 112— instructions — placing burden on defendant to disprove State's evidence

   Instruction that "the burden of proof never rests upon the defendant to show his innocence, *but* to disprove the facts necessary to establish the crime for which he is charged" constitutes prejudicial error, since it tends to place a burden upon defendant to disprove evidence presented by the State.

3. Criminal Law § 168— conflicting instructions on material aspect

   Conflicting instructions upon a material aspect of a case must be held prejudicial error since it cannot be known which instruction was followed by the jury.

4. Criminal Law § 158— conclusiveness of record

   The Court of Appeals is bound by the record as certified to it.

APPEAL by defendant from *Godwin, Special Judge,* 1 June 1970 Session of Superior Court held in STANLY County.

Defendant was tried upon a bill of indictment, proper in form, charging him with the felonies of forgery and uttering a forged instrument.

The jury found the defendant not guilty of forgery but guilty of uttering a forged instrument.

Defendant's appeal was originally heard in this Court during the 1970 Fall Session. At that time defendant asserted by affidavit that notwithstanding his diligent efforts he had been unable to obtain from the court reporter a transcript of the evidence and the court's charge. One of the assignments of error was that the defendant had been denied the right to a meaningful appeal because of his inability to obtain and the State's failure to provide a transcript. Before opinion was rendered a transcript was obtained by the Director of the Administrative Office of the Courts and delivered to defendant's counsel. Thereafter, in compliance with an order of the Supreme Court, this

Court remanded the case to the Superior Court of Stanly County to the end that defendant could, if so advised, proceed to perfect his appeal. The record on appeal, this time containing a narrative of the testimony and the court's charge, was again docketed in this Court and the case was reviewed a second time during our 1971 Spring Session.

*Attorney General Morgan by Assistant Attorney General Briley for the State.*

*Charles P. Brown for defendant appellant.*

GRAHAM, Judge.

[1] Defendant contends his constitutional right to counsel was violated in that counsel was not provided for him at a preliminary hearing. In support of this contention he cites *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S.Ct. 1999 (1970). In that case, the Supreme Court of the United States held that a preliminary hearing is a critical stage of the prosecution so as to constitutionally require the furnishing of counsel to protect the rights of a defendant. The case was remanded to the Alabama Supreme Court for a determination of whether the failure to provide counsel for defendant at his preliminary hearing constituted harmless error.

Before the decision in *Coleman,* our Supreme Court had consistently held that counsel at a preliminary hearing was not necessary where the proceedings were not in any way prejudicial to the trial itself. *State v. Hill,* 276 N.C. 1, 170 S.E. 2d 885; *State v. Clark,* 272 N.C. 282, 158 S.E. 2d 705; *State v. Miller,* 271 N.C. 611, 157 S.E. 2d 211; *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740.

*Coleman* was decided 22 June 1970. This defendant's preliminary hearing was held 10 June 1969. The question is therefore whether the decision in *Coleman* is retroactive. If it is not, defendant is entitled to no relief because he has not shown that the proceedings at his preliminary hearing were prejudicial to the trial itself.

Federal courts of appeal in at least three circuits have refused to apply the ruling in *Coleman* retroactively. *Phillips v. State of North Carolina,* 433 F. 2d 659 (4th Cir. 1970); *Konvalin v. Sigler,* 431 F. 2d 1156 (8th Cir. 1970); *United States ex.*

*rel. Bonner v. Pate,* 430 F. 2d 639 (7th Cir. 1970).

In *Phillips* it is stated:

"We conclude that the limited purpose which might be served by making *Coleman* retroactive is clearly outweighed by the state's proper reliance on the former standard and the resulting burden on the administration of criminal justice. We hold, therefore, that *Coleman* should apply only to those preliminary hearings held after June 22, 1970."

In *Konvalin* we find:

"Although it might be said that the ruling in *Coleman* had been foreshadowed, there is no doubt that a great many states followed the rule as applied in this circuit, that counsel at the preliminary hearing was not necessary where the proceedings were not in any way considered prejudicial to the trial itself. . . . State law enforcement officials undoubtedly have relied upon this weight of authority. To apply the rule retroactively would be the genesis for literally hundreds of post-conviction evidentiary hearings which in sheer numbers would virtually shatter the bounds of reality. . . . "

In *Pate,* the court held:

"Since denial of an attorney at a preliminary hearing when no rights are lost does not 'invariably deny a fair trial, * * * ' we hold that the ruling announced in *Coleman* is not retroactive."

Under the retroactivity rule expressed in *Foster v. California,* 394 U.S. 440, 22 L. Ed. 2d 402, 89 S.Ct. 1127 (1969); *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S.Ct. 1967 (1967); *Phillips v. North Carolina, supra; Konvalin v. Sigler, supra;* and *United States ex rel. Bonner v. Pate, supra,* we are of the opinion and so hold that the principles of law set forth in *Coleman* ought not to be applied retroactively under the facts of this case and that the defendant's contention in this respect is without merit. See also *Wetzel v. North Carolina,* 399 U.S. 934, 26 L. Ed. 2d 805, 90 S.Ct. 2250 (1970).

Defendant assigns as error several portions of the charge. In each instance it appears likely that the statements giving rise to exception resulted from error on the part of the court

reporter in transcribing the charge. For instance, the record reflects the following which are subjects of exception:

> "The burden of proof never rests upon the defendant to show his innocence, *but* to disprove the facts necessary to establish the crime for which he is charged.

> \* \* \*

> "Although, in this case there has been evidence, as I have *argued,* introduced by the State of North Carolina tending to show that at the time mentioned in the bill of indictment that the defendant in this case did offer this check for payment for value. . . .

> \* \* \*

> "Now, in the second count in the bill of indictment, . . . there are four separate elements to that charge. You *may* find from the evidence and beyond a reasonable doubt, that all the elements are present in this case on the second count before you may return a verdict of guilty on that count." (Emphasis added.)

[2]  The first portion of the charge set forth above which relates to the burden of proof is clearly erroneous for it tends to place a burden upon defendant to disprove evidence presented by the State. " 'Where no admission is made or presumption raised, calling for an explanation or reply on the part of the defendant, the plea of not guilty challenges the credibility of the evidence, even if uncontradicted, since there is a presumption of innocence which can only be overcome by a verdict of the jury.' *S. v. Davis,* 223 N.C., 381, 26 S.E. (2d), 869; *S. v. Hill,* 141 N.C., 769, 53 S.E., 311. . . . " *State v. Stone,* 224 N.C. 848, 850, 32 S.E. 2d 651, 652.

[3]  The charge contained in the record shows that in other portions the jury was correctly instructed with respect to the burden of proof. However, conflicting instructions upon a material aspect of a case must be held prejudicial error since it cannot be known which instruction was followed by the jury. *Hardee v. York,* 262 N.C. 237, 136 S.E. 2d 582; *Hubbard v. R. R.,* 203 N.C. 675, 166 S.E. 802.

[4]  It is with reluctance that we remand the case for a new trial for we feel that the possibility is great that the errors which dictate this result are stenographical rather than judicial.

However, the record before us has been accepted by the solicitor and certified here by the clerk. We are bound by the record as certified to this Court. See *State v. Locklear,* 8 N.C. App. 535, 174 S.E. 2d 641. Perhaps the case will serve to encourage counsel and solicitors to review records with care and to call to the attention of the trial judge any material errors which appear to have resulted from an inaccurate transcript.

New trial.

Judges BROCK and VAUGHN concur.